COLLIER
vs
BAPTIST EDUCA-
TION SOCIETY.

*McHenry* for plaintiffs.

---

8bm 68
122  80

DEBT.

## Collier *vs* Baptist Education Society.

*Case* 21.

ERROR TO THE SHELBY CIRCUIT.

*Consideration. Pleas and pleading. Baptist Education Society.*

December 16.

JUDGE BRECK delivered the opinion of the Court.

Case stated.

THIS was a petition and summons, brought by the defendants against the plaintiff in error upon the following note:

"*Shelby county, Ky., Nov.* 23, 1838.

"I hereby promise to pay to the trustees of the Kentucky Baptist Education Society, or their order, the sum of two hundred and fifty dollars, as a donation, in five equal annual instalments, the first instalment payable on the first day of January, A. D., eighteen hundred and forty.                    MICHAEL COLLIER."

The pleadings.

The defendant filed three pleas, the two first are substantially the same, that the note was obtained by fraud, covin and misrepresentation. The third is in substance, that the note was executed without any legal or valuable consideration. Whether the Court below was right in sustaining a demurrer to this plea, is the first question for consideration.

In view of this question, it is proper to refer to the charter or act incorporating the Baptist Education Society, which, although a private act, is not required under our statute to be specially pleaded, but which as held in *Halbert* vs *Skyles*, (1 *Marshall*, 369,) the Court was bound to take notice of. Under the charter, the plaintiffs were "authorized to purchase or receive by donation, devise or bequest, any lands, tenements or hereditaments, monies, rents, goods and chattels, and hold the same for the use and benefit of the Institution, and according to the intention of the donors," &c. The donation in this case was, therefore, authorized by law, and the law imposed upon the plaintiffs the obligation to use and appropriate it in carrying out the charitable and benevolent objects of the Institution and the donor.

In the execution of this note then, there was on one side the obligation to appropriate this fund according to the provision of the charter, and the promise to pay on the other. Liabilities were doubtless incurred upon the faith of it, and the note viewed in connection with the law, which authorized it, shows, in our opinion, a sufficient consideration for its execution, and to estop the defendant to deny that there was no legal or valuable consideration. The demurrer to the plea was, therefore, properly sustained.

We are also of opinion that the testimony was wholly insufficient to support the issues upon the two first pleas, and consequently that there was no error in the instruction to the jury, that they ought to find for the plaintiffs.

Wherefore, the judgment is affirmed.

*McHenry* for plaintiff; *Lindsey and J. & W. L. Harlan* for defendants.

---

*Margin notes:*

COLLIER
*vs*
BAPTIST EDUCA.
TION SOCIETY.

The Courts of Ky. are bound to take notice of private statutes: (1 *Marsh.* 369.)

A subscription to the Baptist Education Society, to aid in the object of its organization, is obligatory, the obligation to appropriate the fund according to the charter, devolved upon the payee or trustees, and the liability incurred upon the faith of the subscription, constituted a sufficient consideration for the undertaking to pay the subscription.