## MINTER *v.* THE UNION PACIFIC R. R. CO.

[OCTOBER TERM, 1873.]

IN AN ACTION BY THE PLAINTIFF, AN EMPLOYEE OF DEFENDANT, FOR DAMAGES FOR INJURIES RECEIVED BY REASON OF THE NEGLIGENCE OF DEFENDANT, an allegation in the complaint that plaintiff's injuries were sustained by the negligence of the defendant in supplying a defective break, the defect in which occasioned the injury, is an allegation of personal negligence of the defendant, and not an allegation of negligence of a servant or agent of defendant, from the mere fact that a corporation can act only by its servants and agents.

APPEAL from the third district court. The opinion states the facts.

*R. N. Baskin,* for the appellant.

*Hempstead & Kirkpatrick,* for the respondent.

EMERSON, J.:

This was an action brought by the appellant against the respondent, to recover damages for injuries received by him while in the employ of the respondent, as brakeman upon one of its cars, by reason of the negligence of said respondent in failing to provide a proper and safe brake for said car.

The complaint was filed on the first day of February, A. D. 1871. It contains but one count, and avers "that said defendant is a foreign corporation, incorporated under an act of congress, transacts business, has property and acknowledged agents in Utah territory, and within the jurisdiction of this court; that on the sixth day of March, A. D. 1870, and for a long time prior thereto, said plaintiff was in the employ of said defendant, as a brakeman on the railroad of said defendant; that said defendant, disregarding its duty and obligation to said plaintiff, carelessly and negligently attached to one of its cars a defective, insufficient, and dangerous brake; that said brake was so defective, insufficient, and inadequate to the secure and safe running of said car, that said defendant, by the exercise of proper and ordinary care and skill, might have known these facts; that said plaintiff, neither at the time nor before he received the injuries hereinafter mentioned, knew that said brake was defective and dangerous, and in the course of his duties could not have known of said defects at and before the time of his said injuries; that said brake was so defective as to render the running of said car dangerous to the life and limbs of the employees of said defendant on said car; that on the said sixth day of March, A. D. 1870, in said territory of Utah, while said plaintiff was performing his duties as brakeman of said defendant on the car aforesaid, by reason of the defectiveness of said brake, the same broke and gave way, whereby said plaintiff was (without any negligence or want of due care and skill upon his part) violently thrown from said car, and one of the wheels of the same passed over the right hand of said plaintiff, whereby said hand was crushed, and its use entirely destroyed; that

by reason of said injury said plaintiff suffered great pain and sickness, was compelled to incur the cost and expense of medicine and medical attendance, and was also rendered unable for about five months to pursue his business, and is still unable, and will ever so remain, to perform ordinary manual labor with his hand;" and claims damages in the sum of fifty thousand dollars.

The defendant appeared in the cause by its attorneys, who filed a demurrer to the complaint, and assigned the following cause of demurrer: "That the said complaint does not state facts sufficient to constitute a cause of action against this defendant."

The cause was brought on to argument in the court below on the demurrer, and that court, on the nineteenth day of September, A. D. 1873, sustained the demurrer, and the plaintiff declined to amend the complaint, and elected to rest the case upon the demurrer; thereupon judgment was rendered against the plaintiff for costs. From this order and judgment the plaintiff appeals.

At the hearing of this case, the counsel upon both sides argued at great length and with marked ability the question of the liability of a master to his servant for the negligence of a fellow-servant. This question is not raised by the record, and we decline to go into the consideration of it.

The complaint alleges, not that any agent or servant of the defendant, for whose acts it is liable, but that the defendant itself, was guilty of the acts of which the plaintiff complains, and by reason of which he suffered the injuries complained of, and this without any fault or negligence or want of care and skill upon his part. The defendant by its demurrer admits this to be true. The complaint may properly be construed as charging personal negligence on the part of the defendant.

While it is true that a corporation can act only through or by some person or set of persons, yet the court will not assume that the acts and omissions charged as the acts and omissions of the defendant itself were really the acts and omissions of one of its agents or employees for which the corporation is not liable to another agent or employee.

For aught that the court can know, the plaintiff may be

prepared to prove that the president of the company, its general superintendent, or some superior officer of the corporation, was in such a position and so circumstanced that by the exercise of ordinary care and vigilance they would have known of the defects in this very car, or were so circumstanced as to charge the company itself with the want of the exercise of that ordinary care and diligence which the law imposes upon them.

It was not necessary for the plaintiff to set this up in detail in his complaint. It is sufficient for him in this respect to charge personal negligence on the part of the defendant.

The complaint should state the facts in "ordinary and concise" language, and not the evidence by which these facts are to be established.

It is true that the plaintiff undertook his engagement with the company, in contemplation of the ordinary hazards of the business, and upon the incidental condition, not that the company will insure him against accidental injuries, but will exercise reasonable and ordinary care and diligence in the discharge of its duties in regard to the business. But where the company is in fault as to its own duties, and the injury is occasioned by means of its neglect of that reasonable and ordinary care which it must be presumed to exercise in regard to its own business, it is liable in damages unless the plaintiff was also in fault, and his negligence or misconduct contributed as a proximate cause to the injury.

This complaint alleges that the defendants attached this dangerous and defective brake to this car; it also alleges the dangerous defect in the car, and that the defendants might have discovered the defect by the exercise of proper care and vigilance, that the plaintiff himself not only did not know it, but "in the course of his duties could not have known of said defect," and that said injury occurred without any negligence or want of due care and skill upon his part.

The burden of proof is upon the plaintiff, and if he can upon the trial establish the averments in his complaint, there can be no doubt about his right to recover, or if the defendant should make default, the complaint lays a sufficient foundation for a recovery and judgment.

At the hearing, it was claimed upon the part of the defend-

ant that the complaint does not show that the defendant was a corporation or in existence at the date of the alleged injury, but alleges the corporate existence only at the date of filing the complaint.

There is no merit in this objection. The language of the complaint is, "that said defendant is a foreign corporation, incorporated under an act of congress." It is the same defendant, *i. e.*, a foreign corporation incorporated under an act of congress, in whose employ the plaintiff was at the time of receiving the alleged injuries.

The judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer.

BOREMAN, J., concurred.

McKEAN, C. J.: °

The complaint being demurred to, its allegations must be presumed to be true. And according to those allegtions, it was impossible that the plaintiff, by any negligence of his own, should have contributed to the injury which he sustained. In this respect this case differs from many cases reported in the books, and from some cases that have been before the courts of this territory. I therefore concur in the opinion that the judgment of the district court should be reversed.