JUDGE GOFER
delivered the opinion of the court.
Appellants brought this suit against appellees, W. B. Fleming, executor of Mary Parrish, Avho Avas a devisee of R. M. Parrish, and Rosa Parrish, who is a devisee of both R. M. Parrish and Mary Parrish, seeking to recover the amount of a note purporting to have been executed to them by R. M. Parrish.
The facts are about these: the note bears date July 1, 1856, and was due five years after date, with interest from date, payable annually in advance. R. M. Parrish died in the autumn of 1858, having first made and published his last will and testament, by which he devised his entire estate to his Avidow Mary and the appellee Rosa. Subsequently Mrs. Parrish died, having first made a will by which she devised the whole of her estate to Rosa, who, it is alleged, is now possessed of a “large amount of property, personal and real, which Avas formerly the property of the aforesaid R. M. Parrish, and subject 'to the payment of the debt of plaintiffs herein.” The estate of R. M. Parrish has been finally settled, but the estate of Mrs. Parrish is not yet settled.
Several defenses were relied upon in the court below, and upon final hearing the vice-chancellor dismissed the petition, and this appeal is prosecuted to reverse that judgment.' The several points made by the answer will be disposed of in the order in which they are presented.
The executor of Mrs. Parrish “ denies knowledge sufficient to form a belief as to whether or not R. M. Parrish, on the 1st *237 of. July, 1856, made and executed and delivered to plaintiffs his certain promissory note, whereby he undertook and promised to pay to plaintiffs five years after date the sum of two hundred and fifty dollars, with interest at the rate of six per cent per annum from date, and he therefore charges that said R. M. Parrish never executed and delivered said note.”
Waiving other less important and less obvious objections to this plea, it seems to us that it is not sufficient to put in issue the execution of the note for two reasons:
1. The plea of non est factum is an affirmative plea, and can not be made in merely negative language. It is true the appellee “charges” that Parrish did not execute the note, but he so couples this charge with the preceding part of the sentence as to show that he does so 'only because he has not “knowledge sufficient” to say whether the note is genuine or not. He does not know whether R. M. Parrish signed it or not, and “therefore” he says he did not sign it. The plea of non est factum was always required to be sworn to, because the court would, in favor of innocence, presume a paper purporting to be signed by a party to be charged on it was genuine until it was attacked by plea under oath. Parties must indulge the same enlightened presumption, and will not be allowed to charge a forgery or put the holder of a writing sued upon to the proof of its genuineness unless he is willing directly to charge that it is not the act and deed of the supposed obligor, and then to swear that he believes that statement to be true. Any other rule would enable administrators and other fiduciaries liable to be sued upon obligations executed by those they represent to plead non est factum in almost every case, for it must often happen that they do not know the genuine signature, and in all such cases they may put their adversary on the proof.
2. But if the plea might be made by mere negative words, it has not been done in this case. The Code (section 125.), *238 which is the only authority now for this character of pleading, requires “a denial of each allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.” It may be true, as alleged in the answer, that the appellee had not sufficient knowledge, yet he may have had such information as was sufficient to form a belief that the note was genuine. The answer of the guardian ad litem, if not equally defective, is still insufficient to put in issue the execution of the note, even conceding that he might do so without oath, a point on which we mean to express no opinion.
3. The plea of a want of consideration did not cast the burden of proving consideration upon the appellant. (Rudd v. Hanna, 4 Mon. 531; Taylor v. Ashby, 2 J. J. Marsh. 415.) The note was no doubt given for a donation intended to be made to appellants, which by section 2 of their charter (Session Acts 1846-47, p. 216) they were authorized to receive. The law made it their duty to apply the fund to carrying out the charitable and benevolent purpose of the institution and the donor. This obligation furnished consideration enough to uphold the promise to pay. (Collins v. Baptist Education Society, 8 B. Mon. 68.)
4. The set-off pleaded is not sustained by the evidence. The services rendered by Parrish were no doubt rendered gratuitously, as similar services seem.to have been rendered all the while by others. This court will not imply a promise on the part of such an institution to pay its officers, especially when the person rendering the service is not shown to have made any claim, and when it is presented for the first time by one who could have had ho knowledge of his intentions.
5. The plea of payment is not sustained. Only eleven years elapsed between the maturity of the note and the commencement of this suit, and this is the only evidence of payment. The obligor died before the note matured, and *239 it is unreasonable to suppose that his personal representative would have paid it without taking it up to serve as a voucher.
6. The question raised by the plea of the statute of limitations is not so easily disposed of. The appellee insists that the ease either falls within the second clause of section 2, article 3, chapter 63, of the Revised Statutes, or section 8 of the same article and chapter. Section 2 provides that “an action upon a liability created by statute, when no other time is fixed by the statute creating the liability, shall be commenced within five years next after the cause of action accrued.”
Was the liability on which this suit is based created by statute? We think not. It is true that an action can only be maintained against an heir or devisee upon a writing like that sued on by virtue of the statute, but the word “liability,” it seems to us, refers to the-subject of the action, and not to the party who is sought to be charged by it. The cause of action is referred to, and not the person against whom it may be prosecuted. The liability in this, ease is the debt created by the contract, and all that has been done by the statute is to give a remedy on a contract or liability already existing against the heir or devisee, who becomes subject to be sued not alone because of the statute, but because the descent has been cast upon him or he has accepted the devise.
The 8th section, which is next relied upon, and on which the judgment of the vice-chancellor was based, is in these words: “An action for relief not provided for in this or some other chapter can only be commenced within ten years next after the cause of action accrued.” What has already been said in regard to the other clause of the statute substantially disposes of this point also. The action is based on the note, and therefore falls within the first section of the article sup?'a, and is not barred by less than fifteen years, whether it be prosecuted against the obligor, or against his heir or devisee, or against the heir or devisee of one of these.
*240 We are therefore of opinion that the court erred in dismissing appellant’s petition, and the judgment is reversed and the cause is remanded for further proceedings.
The petition neither describes the property sought to be subjected, nor does .it contain an allegation that either or both of the appellees have estate derived from R. M. Parrish sufficient to pay the debt. On the return of the cause the petition should be amended so as to describe the particular property desired to be subjected, or so as to allege that the appellees have received estate enough to satisfy the debt. If issue is taken on either of these points, time should then be allowed for preparation.