THE NEW ALBANY, LOUISVILLE, AND CORYDON PLANK ROAD CO. v. LEWIS.

TURNPIKE.—*Tolls.*—*Contract.*—A complaint to recover tolls for passing over a turnpike alleged a contract between the defendant and one W., the secretary and treasurer of the plaintiff, by which the defendant agreed to pay the tolls monthly.

*Held,* that the complaint was insufficient. It should have averred a contract with the company, or shown that W. was authorized by the board of directors to make such contract, or that some consideration passed from W. to support the promise made to him.

SAME.—*Implied Promise.*—An action on an implied promise will lie to recover legal tolls for the use of a turnpike. The company is not restricted to a suit for the penalty provided by statute for passing a toll-gate without paying toll.

From the Harrison Circuit Court.

*L. Jordan* and *H. Jordan,* for appellant.

*G. V. Howk* and *W. W. Tuley,* for appellee.

BUSKIRK, C. J.—The only question presented by the record in this cause is as to the sufficiency of the complaint, to which a demurrer was sustained by the court below. The complaint was in two paragraphs, and, omitting the formal parts, was as follows:

" Paragraph 1. The New Albany, Louisville, and Corydon Plank Road Company, plaintiff, a corporation duly organized under the laws of the State of Indiana, complains of Jacob Lewis, defendant, and says that on the 1st day of July, 1869, the said defendant was running a two-horse stage from the town of Corydon to the city of New Albany, Indiana, and passed over the road of said plaintiff; and the said defendant agreed with Samuel J. Wright, secretary and treasurer of said corporation, that he would pay the toll of all the gates on said road, except the gate No. 5 at the town of Corydon, which said toll he was to pay directly to said. secretary and treasurer monthly; plaintiff says the toll which said defendant so agreed to pay the said secretary and treasurer was the sum of twenty-seven cents per day. Plaintiff further says that said defendant did pay said toll for the months of July and August, 1869, and that from that time until the 1st day of September, 1873, the said defendant has wholly failed and refused to pay said toll, although he has passed ·over the said road with the said two-horse stage every week day during the whole of said time, amounting to the number of twelve hundred and sixty-two days, at twenty-seven cents per day, making the sum of three hundred and forty dollars and seventy cents, all of which remains due and unpaid; wherefore plaintiff demands judgment in the sum of five hundred dollars.

" Paragraph 2. And the said plaintiff, the New Albany, Louisville, and Corydon Plank Road Company, for further cause of action, complains of the said defendant, Jacob Lewis, and says that the plaintiff is a corporation, organized under the laws of the State of Indiana, and the owner of a road

leading from New Albany, Floyd county, Indiana, to Corydon, Harrison county, Indiana, upon which toll is authorized to be taken. Plaintiff says that since the 1st day of September, 1869, the said defendant has passed over her said road, from the town of Corydon to the town of Lanesville, every week day, with a two-horse vehicle, or three hundred and thirteen times a year, and in the four years, from September 1st, 1869, to September 1st, 1873, twelve hundred and sixty-two times, and that the amount of toll which defendant was liable to pay each time he passed over said road was twenty-seven cents, making three hundred and forty dollars and seventy-four cents, all of which remains due and wholly unpaid; wherefore plaintiff demands judgment for the sum of five hundred dollars.                JONES & WRIGHT,

"Attorneys for Plaintiff."

The following objections are urged to the first paragraph of the complaint:

1. It does not state any contract, duly or unduly made by the appellant or any one else with the appellee. It does state that the appellee agreed with Samuel J. Wright, appellant's secretary and treasurer, to pay the toll of gate No. 5 directly to such secretary and treasurer monthly, but does not state that appellant was a party to the agreement; nor does this paragraph state that Samuel J. Wright agreed to do anything on his part, in appellant's behalf, as a consideration of appellee's alleged agreement. Nor is it alleged that appellee might pay the tolls of gate No. 5, monthly, directly to the said secretary and treasurer. For these reasons, it is claimed that the agreement set up was a *nudum pactum*, and, therefore, constitutes no cause of action.

2. That the matter of tolls was under the exclusive control of the board of directors, and not of the secretary and treasurer, and consequently the secretary had no power to make the contract, there being no averment that he had such power.

3. That tolls upon the plank road were regulated by law, and were not matter of contract.

4. That the contract set up was illegal and void, because,

by the law, the toll was regulated by the number of miles travelled, and not by the number of gates.

The second paragraph of the complaint differs from the first, in this, that it does not state or count upon any agreement by or with the appellee. It states, in substance, that the appellant is a corporation, organized under the laws of Indiana, and the owner of a road leading from New Albany to Corydon, Indiana, upon which toll is authorized to be taken; that since September 1st, 1869, the appellee has passed over appellant's said road, from Corydon to Lanesville, every week day, with a vehicle and two horses, or three hundred and thirteen times a year, from September 1st, 1869, to September 1st, 1873, four years, in the aggregate twelve hundred and six-two times, and that the amount of toll which the appellee was liable to pay each time he so passed over said road, was twenty-seven cents, making three hundred and forty dollars and seventy-four cents, all of which remains due and wholly unpaid.

It is insisted by counsel for appellee that if the appellee passed over the road of the appellant with consent of appellant, and without the exaction of any legal toll therefor, or any promise to pay the same then or thereafter, no debt could arise under such circumstances; and that if the appellee passed over said road without the consent of appellant and without payment of toll, then the appellee was liable to a penalty, under the statute.

We think the first and second objections urged to the first paragraph of the complaint are valid, and that the court committed no error in sustaining the demurrer thereto.

And in our opinion, the objections urged to the second paragraph of the complaint are invalid, and the facts stated therein created an implied obligation, on the part of the appellee, to pay for the use of the road of the appellant, and hence, the court erred in sustaining a demurrer to such paragraph.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the second paragraph of the complaint.