PATTERSON ET AL. *v.* THE INDIANAPOLIS AND BROWNSBURGH PLANK ROAD CO.

TURNPIKE.—*Pleading.*—*Action for Toll.*—In an action by a turnpike company, to collect toll for travelling upon its road, a complaint in the nature of a common count, with the additional averment that the plaintiff has complied with all the statutes of this State, requisite to enable it to collect toll, is sufficient on demurrer.

SAME.—*Instruction to Jury.*—Where, on the trial of such action, the question for the jury trying it is, to determine whether or not such road has been constructed according to the requirements of law, it is proper for the court to so modify an instruction to such jury, asked by the defendant, specifying such requirements, as to inform them that it is proper for them to consider evidence given, that, prior to the time of the travel in controversy, the travelling public and the defendant, without complaint or protest, had travelled upon such road, and paid toll therefor.

SAME.—*Failure of Company to Repair.*—Where on such trial the question for the jury to determine is, whether or not such road has been allowed to become and remain out of repair, in that a bridge has become unsafe and dangerous, it is proper for the court to instruct the jury, that if,

in point of fact, such bridge is safe and the defect complained of does not add to the labor of transportation across it, the plaintiff should recover.

PRACTICE.—*New Trial.—Assignment of Error.—Superior Court.*—The admission or exclusion of evidence offered on the trial of a cause in the Superior Court, at special term, is ground for a motion, there, for a new trial, but is not a proper assignment of error on appeal to general term.

SAME.—*Instruction to Jury.*—The refusal of the Superior Court, at special term, to give to the jury trying a cause instructions asked, is ground for a motion, there, for a new trial, but is not a proper assignment of error on appeal to general term.

SAME.—*Record.—Supreme Court.*—A writing not signed by the judge, and not requested by either party, purporting to be the instructions of the court, of its own motion, to the jury trying a cause, can not be made part of the record of such cause on appeal to the Supreme Court, by merely copying the same into such record.

SAME.—*Modification of Instruction.—How Made Part of Record.*—To make a modification of an instruction, given to the jury trying a cause, part of the record on appeal to the Supreme Court, the party excepting to its giving should write and sign, at the close thereof, the words "Modification given and excepted to."

From the Marion Superior Court.

*B. K. Elliott* and *A. C. Ayres*, for appellants.

*R. P. Parker* and *J. B. Elam*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellants, as defendants, in the court below. In its complaint, the appellee alleged, in substance, that the appellee had complied with all the statutes and provisions requisite to enable the appellee to collect toll; that the appellants were indebted to the appellee in the sum of six hundred and fifty-five dollars and fifty cents, for toll for travel upon the appellee's road, as would more fully appear from a bill of particulars filed with and made part of said complaint; and that the said sum remained due and wholly unpaid; and judgment was demanded by appellee for seven hundred dollars and other proper relief.

The bill of particulars charged an indebtedness by the appellants to the appellee, as follows:

"To toll for hauling six thousand four hundred and sixty-nine loads, at ten cents per load, between August

9th and November 15th, 1873; and to toll for hauling fifty-eight four-horse loads, at fifteen cents, hauled between the same dates."

To this complaint the appellants demurred, for want of sufficient facts therein to constitute a cause of action; which demurrer was overruled by the court below, at special term, and to this decision the appellants excepted.

And the appellants then answered, in three paragraphs, as follows:

First. A general denial;

Second. Payment in full, before suit was brought; and,

Third. That at the time the travelling and hauling complained of were done on appellee's road, said road was out of repair, and had been for a long time prior thereto; that said road was then and there so badly out of repair, as to be inconvenient for public travel, and had been suffered and permitted by appellee, to be and remain so out of repair, for a long time prior thereto, and continuously up to said time when said travelling was done, to wit, for more than six months, and that said road was not then and there in such a condition of repair as to entitle appellee to collect toll thereon. Wherefore the appellants demanded judgment.

The appellee replied to the second and third paragraphs of the appellants' answer, by a general denial.

And the issues thus joined were tried by a jury, in the court below, at special term, and a verdict was returned for the appellee, assessing its damages at six hundred and thirty-five dollars. The appellants, on written causes, moved the court below, at special term, for a new trial; which motion was overruled, and the appellants excepted. And a judgment was rendered upon the verdict by the court below, at special term; which judgment was afterwards, on appeal, duly affirmed by the judgment of the court below, in general term, from which latter judgment this appeal is now here prosecuted.

In this court the appellants have assigned, as alleged

error, the decision of the court below, in general term, affirming the judgment of the court, at special term. This assignment of error brings before us for consideration the alleged errors, assigned by the appellants in the court below, in general term, which were as follows:

1st. The overruling of the appellants' demurrer to the complaint;

2d. The overruling of the appellants' demurrer to the third paragraph of the appellee's reply;

3d. Error of the court in excluding evidence offered by appellants;

4th. Error of the court in admitting evidence for the appellee, over the appellants' objections, etc.;

5th. The overruling of appellants' motion for a new trial; and,

6th. Error of the court in refusing to give instructions to the jury, asked for by the appellants.

The questions presented by these several alleged errors we will consider and decide in their order:

1st. The appellants' counsel have discussed, at great length, the sufficiency of the facts alleged in appellee's complaint to constitute a cause of action. Without considering, *seriatim*, the many objections urged against the sufficiency of the complaint, we may say, generally, that in our opinion, in the form of action adopted by the appellee, the complaint contained every allegation necessary, and one perhaps that was unnecessary, to constitute a cause of action in favor of the appellee and against the appellants. If the facts alleged in appellee's complaint were true, we can not doubt that those facts were amply sufficient, if no other facts existed, to entitle the appellee to a judgment for the full amount stated in its bill of particulars. And if any other facts existed which might have possibly prevented a recovery in this action, the appellants should have alleged or proved such facts, as matter of defence. The complaint in this action was evidently drafted by appellee's attorneys, in accordance

with form No. 10, which, the statute of this State declares, shall be sufficient in all cases where it is applicable. 2 R. S. 1876, p. 359. If an indebtedness actually exists to a plank road company, upon an account for tolls, we can conceive of no good reason why such company, in an action for the recovery of such account, may not avail itself of said form No. 10, as well as any individual. In the case of *The New Albany, etc., Plank Road Co.* v. *Lewis,* 49 Ind. 161, which was an action by the appellant, against the appellee, upon an account for tolls, the second paragraph of the appellant's complaint was, in its material averments, almost identical with the complaint in this action. In the case cited, a demurrer to the second paragraph of appellant's complaint, for the want of sufficient facts therein to constitute a cause of action, had been sustained by the court below. On appeal, this court held, that the facts stated in the second paragraph of appellant's complaint " created an implied obligation, on the part of the appellee, to pay for the use of the road of the appellant." Following in the line of this authority we hold, in the case at bar, that the appellants' objections. to the appellee's complaint were not well taken, and that, in overruling their demurrer to said complaint, no error was committed by the court below.

2d. The second alleged error assigned by appellants in the court below, in general term, was the overruling of the appellants' demurrer to the third paragraph of the appellee's reply. But the record shows that the court below, in special term, did not overrule, but, in fact, sustained, the appellants' demurrer to the third paragraph of the appellee's reply. So that this second alleged error has, in truth, no existence.

3d. The third alleged error assigned by appellants, in the court below, in general term, was, that the court, at special term, erred in excluding evidence offered by appellants, who excepted at the time. The matter stated in this alleged error, if it had been made sufficiently

specific, would have constituted a proper cause for a new trial, if it had been true, and had been assigned as alleged error of law occurring at the trial and excepted to at the time, in a motion for a new trial addressed to the court below, in special term. But no such cause for a new trial was assigned by the appellants in their motion therefor, at special term; and it could not be assigned properly, in the first instance, as an alleged error, in the court below, in general term. By this alleged error, therefore, no question was properly presented for the consideration either of the court below, in general term, or of this court.

4th. By the fourth alleged error, the appellants assigned, in the first instance, in the court below, in general term, the alleged error of the court, at special term, in admitting evidence for the appellee, over the appellants' objections and exceptions. If any such error was in fact committed, it constituted a proper cause for a new trial, and should have been assigned as such cause in the first instance, in appellants' motion for a new trial, addressed to the court below, at special term; and not having been so assigned as a cause for a new trial, the subsequent assignment thereof as alleged error in the court below, in general term, presented no question for the consideration either of that court or of this court.

5th. The fifth alleged error, assigned by the appellants in the court below, in general term, was the overruling by that court, at special term, of the appellants' motion for a new trial.

The fourth cause for a new trial, assigned by the appellants in their motion therefor, was alleged error of the court below, at special term, occurring at the trial and excepted to at the time by the appellants, in giving, of its own motion, instructions numbered 1, 2 and 3, to the jury trying the cause. The clerk of the court below has copied into the record a writing, purporting to be the instructions of the court below, at special term, to the jury. But these instructions were not asked for, to be in writing,

by either of the parties, were not signed by the judge before whom the cause was tried, and were not made a part of the record in any manner known to our law.

It was also assigned by appellants, in their motion for a new trial, as alleged error of law, etc., that the court below, at special term, had erred in its modification of instruction No. 1, as asked for by the appellants, to the jury trying the cause. By their instruction No. 1, the appellants had asked the court below, at special term, to instruct the jury as follows:

"1st. In this case, the right of the plaintiff to recover depends, not upon contract, but, upon the statutes of the State, and there can be no recovery against the defendants, unless you believe from the evidence, that the plaintiff constructed a road, such as is required by the statute, the track of which was 'made either of plank, stone, gravel, or other hard material,' or in proportions of each, so that it formed 'a hard and even surface,' and had in the center thereof a thickness not less than six inches."

It seems, not from the record, but from a marginal note, made, we suppose, by appellants' counsel, that the court below, at special term, modified the foregoing instruction by the following addition thereto:

"If the evidence shows that the road had been constructed for several years, and the public have paid toll on it until the time it was used by the defendants, without contesting the right of the plaintiff to collect toll, and if the defendants used the same piece of road during the summer and autumn of 1872, for hauling gravel into the city of Indianapolis, and paid tolls for that year, without complaint or protest,—these are circumstances you may consider, in connection with the other evidence in the case, in determining whether the road was constructed in the manner required by the statute."

The record fails to show, in any manner, that the court below, at special term, gave to the jury the foregoing instruction, or what is termed, in a note made by the attor-

neys on the margin of the record, but not elsewhere, a modification of said instruction. On the margin, and not "at the close," of this so-called modification, is this memorandum, signed by the appellants' attorneys, to wit;

"Modification excepted to at the time by defendants."

It may well be doubted if this marginal note is sufficient to make the "modification" of said instruction a part of the record. Under the requirements of section 325 of the practice act, the memorandum should have been in these words: "Modification given and excepted to," and signed by the appellants, or their attorneys. 2 R. S. 1876, p. 168. Assuming, however, as the fact is not stated, that the "modification" was given to the jury, there was no error therein, in our opinion. If the facts mentioned in the "modification" were shown by the evidence, we think the jury might well consider them, in connection with the other facts proven, in determining the question submitted to them.

It was also assigned by appellants, in their motion for a new trial, as alleged error of law, etc., that the court below, at special term, had erred "by adding to instruction No. 2 that part beginning with the words, 'But if you find,' and ending with the words, 'In crossing it.'" The record fails to show that any addition whatever was made to said instruction No. 2. But as the record does show that such an addition was made to instruction No. 3, if we may regard the marginal notes of appellants' counsel as part of the record, it is possible that, by a clerical error, the instruction was erroneously numbered in the motion for a new trial. We will therefore consider instruction No. 3, and the addition thereto, in connection with this alleged error.

By their instruction No. 3, the appellants had asked the court below, at special term, to instruct the jury trying the cause as follows:

"3d. To defeat a recovery for toll charged for crossing the bridge, it is not necessary that the defendants should

show that the plaintiff's bridge across Fall Creek was unsafe and dangerous; but it will be sufficient to entitle them to a verdict, if they have shown, that, at and during the time for which toll is sought to be recovered, the bridge was not in good and proper repair. The question is not simply as to whether the bridge was unsafe or dangerous, although, if that were so, the plaintiff could not recover, but the condition and repair of the bridge are also involved."

It would seem, from a marginal note on the record, evidently made by appellants' attorneys, the record itself being silent on the subject, that the court below, at special term, modified the foregoing instruction, by adding thereto this sentence, to wit:

"But if you find that the bridge was, in fact, safe, the circumstance that each span was sagged below a straight line, will not preclude recovery of the tolls sued for for its use, unless the sagging of the bridge materially added to the draft required to move vehicles crossing it."

The same doubts exist in regard to instruction No. 3, and the addition thereto, as to whether or not they were given to the jury, and as to whether or not they or either of them were properly made parts of the record of this cause, as existed in connection with instruction No. 1, asked for by appellants, and the said modification thereof. But, assuming that said instruction No. 3 was given to the jury, as asked for, it seems to us that the addition thereto was not only a proper, but also a necessary, complement of said instruction, to bring about an equipoise of the scales of justice.

6th. The sixth alleged error, assigned by the appellants in the court below, in general term, was, that the court, at special term, had erred in refusing to give instructions, asked for by the appellants, to the jury trying the cause. The record wholly fails to show that any instructions, asked for by appellants, were "refused and excepted to." There is no such error apparent in the rec-

ord. But the matter stated in this alleged error, if it had really existed, was a proper cause for a new trial, and should have been so assigned, as alleged error of law occurring at the trial and excepted to at the time by the appellants, in their motion for such new trial. It was not assigned, however, as a cause for a new trial, and it was therefore improperly assigned for alleged error, in the court below, in general term.

Among the causes for a new trial, assigned by the appellants in their motion therefor, were excessive damages, and error in the assessment of the amount of recovery, in that it was too large. Our examination of the evidence adduced upon the trial, as the same is set out in the record, has led us to the conclusion that these alleged causes for a new trial are not sustained by the weight of evidence. In their discussion of the matters presented by these causes for a new trial, the appellants' counsel lay great stress upon an alleged erroneous instruction of the court below, at special term, of its own motion, as applicable to the evidence. But the instructions of the court of its own motion to the jury, as we have already seen, are not properly in the record, and we can not refer to them for any purpose.

In our opinion, the verdict of the jury was sustained by sufficient evidence, and was in accordance with law.

The court below, at special term, did not err in overruling appellants' motion for a new trial of this action.

The judgment of the court below, in general term, is affirmed, at the costs of the appellants.