Walker *et al. v.* The Shelbyville and Rushville Turnpike Company.

---

No. 8546.

WALKER ET AL. *v.* THE SHELBYVILLE AND RUSHVILLE TURNPIKE COMPANY.

CORPORATION.—*Pleading.—Complaint.—Allegation of Corporate Existence.—* The statement in the complaint of a corporation, "that the plaintiff is a corporation under the laws of the State of Indiana," is a sufficient allegation of its corporate existence. Such allegation is needless when a name indicating a corporation is used.

SAME.—*Turnpike Company.—Evidence of Corporate Existence.—Certified Copy of Articles of Association.—*On trial of an action by a turnpike company, a duly certified copy of its articles of association filed in the recorder's office of the proper county is admissible to prove its corporate existence.

SAME.—*Process.—Service.—Judgment.—*It is no objection to a judgment against a corporation, collaterally attacked, that there is no evidence that it was in court at the time judgment was rendered, if the record show that process was duly served.

Walker *et al. v.* The Shelbyville and Rushville Turnpike Company.

PROCESS.—*Amendment of Return.*—*Evidence.*—The return of process may be amended by the sheriff so as to state the facts, and the amended return is competent evidence of its contents.

SAME.—*Testimony of Sheriff.*—After a sheriff's return has been amended and given in evidence, admitting his testimony to the same facts is not error.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellants.

*B. F. Love,* —— *Morrison, A. Major* and *S. Major,* for appellee.

FRANKLIN, C.—This was an action brought by appellee against appellants to recover tolls for passing over its turnpike road. A demurrer was overruled to the complaint, and appellants answered in three paragraphs: 1st, denial; 2d, special *nul tiel corporation;* 3d, general *nul tiel corporation.* The 3d was stricken out, and the 2d replied to by a denial. Trial by the court, finding for appellee, and, over a motion for a new trial, judgment was rendered for appellee for $50.50. The errors assigned in this court are:

1st. Overruling the demurrer to the complaint.

2d. Overruling the motion for a new trial.

The objection to the complaint is, that as the plaintiff claims to have purchased the road and all its franchises, at a sheriff's sale, on the foreclosure of a mortgage, and has organized a new company in pursuance of the act of 1859, under the same name as the original company, and claims the right to sue as such corporation, it is essentially necessary for the complaint to show all the facts necessary to constitute the original organization a valid corporation.

If the original corporation, while it owned the road, had brought such a suit, it is clear that it would not have been necessary for it to have stated such facts. The plaintiff, by purchasing the road, with all its franchises, and organizing in accordance with the act of 1859, has all the rights that the original corporation had, and need not state any more in its complaint than the original corporation would have been required to state. It is sufficient to aver that the plaintiff is a

corporation under the laws of the State of Indiana, and what the complaint states about the plaintiff's having purchased the road and franchises of the old corporation, is an unnecessary statement, and may be regarded as surplusage, and does not require the plaintiff to go on and state the contents of the articles of association of the original company, and all the necessary steps taken to perfect the organization as a valid corporation, nor the articles of association and steps taken in the formation of the new company. *The New Albany, etc., P. R. Co.* v. *Lewis,* 49 Ind. 161; *Patterson* v. *Indianapolis, etc., P. R. Co.,* 56 Ind. 20; *Hunter* v. *The Burnsville T. P. Co.,* 56 Ind. 213.

The facts in this last case are very similar to the facts in the case at bar. And the complaint in that case does not even contain the allegation that the plaintiff was a corporation organized under the laws of this State. The suit was brought simply in the corporate name of the plaintiff; and as such the complaint was held good by this court. The complaint in the case at bar avers that the original company was a corporation organized under the laws of the State of Indiana; that certain persons purchased the road and franchises of said corporation at a sheriff's sale, upon a foreclosure of a mortgage, and organized a new corporation in the old name, under the act of March 5th, 1859, and in such name brings this suit.

We think these allegations show sufficient authority to sue in the name in which the suit was brought, and the complaint would have been equally good if the other allegations in relation to the organization had all been left out, and the suit had been commenced simply in the name of the new corporation, it being a name applicable to and indicating a corporation. We think the complaint was sufficient, and there was no error in overruling the demurrer to it.

The second error assigned is the overruling of the motion for a new trial. Under the first three reasons stated for a new trial, in relation to the finding of the court not being sustained by the evidence, appellants in their brief have made

no points, except as the same may be effected by the objections to the introduction of parts of the evidence. The first objection to the evidence was to the articles of association of the original corporation. The paper offered in evidence had attached to it the following certificate, under the seal of and signed by the recorder of Shelby county, Indiana:

" STATE OF INDIANA, SHELBY COUNTY.

" I, Edward L. Davisson, recorder of said county, hereby certify that the Shelbyville and Rushville Turnpike Company filed in the office of the recorder of said county, between the eighth and the fifteenth days of March, 1869, a copy of articles of association, of which the above is a full, true and complete copy, as the same appears from the record thereof in my office. In witness whereof I have, as such recorder, hereunto set my hand and official seal, this 4th November, 1869."

The original instrument was proven to be lost, the record was proven to be a correct copy of the instrument filed in the recorder's office, and this paper, being officially certified to as a full, true and complete copy from the record, was of equal weight and validity with the record, and was then as good evidence of the contents of the original articles of association as could be obtained.

In the case of *James* v. *The Greensboro, etc., T. P. Co.*, 47 Ind. 379, the following language is used: "The articles offered were the original articles of association, and not a duly certified copy thereof, but they had been duly recorded in the proper recorder's office. The statute, 1 G. & H. 474, sec. 1, provides for the recording of the articles in the recorder's office of the proper county, and from that time the association is to be deemed a corporation. Had a duly certified copy of the articles, from the recorder, been offered, there can be no doubt that it would have been admissible without further proof, under sec. 283, 2 G. & H. 183."

Outside of the certificate and the testimony of the recorder, it was proven that the articles of association were in March,

1869, filed in said recorder's office. We think the certified copy was properly admitted in evidence.

Objection (b) was to permitting a witness, Kennedy, to state his connection with the plaintiff as a corporation.

Objection (c) was to permitting the same witness to answer the question as to what steps were taken toward organizing the company after the filing of the articles of association.

Objection (d) was to permitting the same witness to answer the question as to what steps were next taken toward the construction of the road.

Objection (e) was to permitting the same witness to testify as to the establishment of the toll-gate, the taking of toll thereon and to the introduction of the copy of the rates of toll.

All the foregoing objections were based upon the first objection, that the plaintiff must establish the existence of a valid corporation before it can introduce any evidence of the subsequent proceedings, and this reason, in addition to others, is kept up in nearly all of the subsequent objections. But, having disposed of it adversely to appellants in the first objection, we shall not further discuss it in this opinion. As to the form and substance of this testimony being unobjectionable, see *Miller* v. *The Wildcat G. R. Co.*, 52 Ind. 51.

Objection (f) was to the introduction of the mortgage and proceedings thereon to foreclose the same. It is first objected that there is no evidence that the mortgage was executed by the corporation. This question is *res adjudicata.* Everything in relation to it was settled in the foreclosure suit. See the case of *Splahn* v. *Gillespie,* 48 Ind. 397. The decree for the sale of the road can not be collaterally attacked, and could only be directly attacked for fraud. *Hunter* v. *The Burnsville T. P. Co.*, 56 Ind. 213. Yet the mortgage as fully shows that it was executed by the corporation, as in any manner it could be shown. The whole body of it shows that it was on behalf of the corporation, and it was signed and acknowledged by the president and secretary, as such officers. There is no foundation whatever for this objection.

The next objection under (f) is that there is no evidence that the company was in court at the time judgment was rendered. The record shows that process was duly served, and that is sufficient, whether the defendant was there or not.

The return of the sheriff upon the execution was also objected to. The sheriff, in his original return, had stated that he had sold the real estate, and said nothing about the tolls, franchises, rights, etc., of the company. On motion, leave of the court was granted to him to amend his return, by showing that the franchises of the company were also sold, and, over the objection of appellants, the amended return was given in evidence. Appellants' counsel have referred us to a number of authorities upon the subject of notice and an investigation in order to make *nunc pro tunc* entries. These are not applicable to a ministerial officer amending his process or return. The sheriff has the right, with the leave of the court, to so amend his return as to make it state the facts. And the amended return is competent evidence of its contents. *Waymire* v. *The State, ex rel. Nichol, ante,* p. 67 ; *Dwiggins* v. *Cook,* 71 Ind. 579.

There was no error in admitting in evidence the amended return. And there was no error in overruling appellants' motion to strike out said evidence.

Objection (h) was to the witness McCorkle's testifying as to whom he sold the property described in the decree, when, and for what price. After his return on the execution as sheriff had been given in evidence, if erroneous; this testimony could result in no harm to appellants ; but we do not see that it was erroneous.

Nor do we see any sufficient reason for the objection (i) to the giving in evidence of the sheriff's deed to the property.

We have heretofore disposed of the objection (k) to the giving in evidence of the certified copy of the original articles of association, and for the same reasons there was no error in admitting in evidence the recorded articles of association of the new company.

Objection (l) to permitting the witness Kennedy to testify as to whether he knew the persons who became the owners of the road at the sheriff's sale, is frivolous.

Objection (m) to overruling defendant's motion to strike out all of the evidence is without foundation, and was properly overruled.

And we do not think it necessary to extend this opinion by specifically deciding each of the remainder of the objections to the introduction of the testimony; they are all, down to (x), of the same tenor and effect, and we see no good reason why any of the objections to the introduction of the evidence should have been sustained.

The evidence, being properly admitted, sustained the finding of the court, and the finding was not contrary to law.

We find no error in this record.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.