## Martin v. Ky. Lands Investment Co.

(Decided January 31, 1912.)

### Appeal from Hopkins Circuit Court.

1. **Corporations—Corporate Existence—Pleading.**—The averment that ''plaintiff is a corporation with its principal office and place of business in Louisville, Jefferson county, Kentucky, where it

was at all times hereinafter stated" is a sufficient allegation of corporate existence.

2. Same—Capacity to Sue—Presumption.—From an allegation that plaintiff is a corporation, the capactiy to sue will be presumed until the contrary appear.

3. Same—Pleading—Ultra Vires—Defense.—In an action by a corporation to recover land purchased at a revenue agent's sale for taxes a petition is not defective that fails to allege that the corporation has the power to purchase and hold real estate. The defense of ultra vires must be pleaded.

4. Tax Sale—Purchaser—Action to Recover Property—Pleading—Sufficiency—Auditor's Deed.—Under the law now in force in this State, it is sufficient in an action to recover property bought at a revenue agent's sale for taxes, for the purchaser to plead his deed from the Auditor of the State. This makes out a prima facie case, and imposes on the owner the burden of showing any irregularity in the proceedings leading up to the execution of the deed.

5. Tax Sale—Pleading—Judgment.—In an action by the purchaser against the owner to recover property purchased at a tax sale, a judgment by default will not be held erroneous where the petition alleges title in the plaintiff and also asserts a lien for taxes and expenses paid, without pleading them in the alternative.

6. Quieting Title—Action—Ejectment—Equity Docket.—Though in an action brought to recover real property, plaintiff sues in equity, and asks that his title be quieted, a judgment by default awarding him possession of the property will not be set aside because the petition failed to allege possession by the plaintiff, but did allege facts sufficient to support a judgment of ejectment.

TEAGUE & FRANKLIN for appellant

M. J. HOLT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, Kentucky Lands Investment Co., brought this action against appellant, J. H. Martin, to recover a tract of land in Hopkins county, which it purchased at an auditor's agent sale for taxes, and to which it received a deed from the Auditor of Public Accounts. Appellant was duly summoned, but failed to appear and make defense, whereupon judgment awarding appellee the property and quieting his title was taken by default. Martin appeals.

The only question for determination is, does the petition support the judgment? The petition alleges that the Kentucky Lands Investment Co. is a corpora-

tion with its principal place of business in Louisville, Jefferson county, Kentucky; that on Monday, Dec. 2, 1895, the land thereinafter described was sold by the sheriff of Hopkins county for State and county taxes for the year 1895 to the Commonwealth of Kentucky, no other person bidding or offering to bid for same; that pursuant to Section 4162, Kentucky Statutes, the sheriff made report in writing to the County Clerk of said sale, and said report was recorded as a conveyance and vested the title of said property in the Commonwealth of Kentucky; that said property not having been redeemed by the owner within two years next after said sale, became the absolute property of the Commonwealth, and the title to same vested in the Commonwealth; that thereafter the Commonwealth of Kentucky by the Auditor of Public Accounts, directed George H. Alexander, revenue agent for the State at large, to sell same at public sale, or so much thereof as might be necessary to realize the amount due the State, together with costs and penalties, and that pursuant to said directions said sale was had; that on Monday, the 4th day of April, 1904, plaintiff purchased at public sale at the court house door in Madisonville, Hopkins county, Kentucky, the property described in the petition, which was the property sold, and that by deed dated April 4, 1904, S. W. Hager, Auditor of the Commonwealth of Kentucky, conveyed the property to plaintiff; that said deed is recorded in Deed Book 70, page 376, Hopkins County Clerk's office. (Here the deed is copied in full). The petition further alleges that plaintiff is the legal owner in fee and entitled to the possession of the land (describing it by metes and bounds); that the defendant holds possession thereof without right, and is asserting title thereto, and a claim and interest in said property adverse to plaintiff; that plaintiff on the 4th day of April, 1904, at the court house door in Hopkins county, Kentucky, purchased at revenue agent's sale the above described boundary; that on the 4th day of April, 1904, S. W. Hager, Auditor of the Commonwealth of Kentucky, pursuant to Section 4154, Kentucky Statutes, executed to it as the purchaser of same, for the sum of $7.17, his deed as such auditor, which said deed is recorded in Deed Book 70, page 376, Hopkins County Clerk's office. The petition then sets forth certain taxes and other costs paid by plaintiff, and alleges that for these plaintiff has a lien on the property. The petition

concludes with a prayer that plaintiff's title be quieted, and asks judgment for the possession of the property; for damages for its detention; for its costs; and for all other proper and general relief.

It is first insisted that the allegation of the petition that "Plaintiff, Kentucky Lands Investment Co., states that it is a corporation with its principal office and place of business in Louisville, Jefferson county, Kentucky, where it was at all times hereinafter stated," is an insufficient allegation of corporate existence, the argument being made that the statement is simply a legal conclusion. To support this contention, appellant relies on the case of Brooksville R. R. Co. v. Byron, 20 Ky. Law Rep., 1941. There one Byron agreed to pay to the Brooksville Railroad Co. for the purpose of constructing a railroad from Brooksville to a point on the C. & O. Railway, the sum of $300.00. The court said that it was apparent from the petition that no such corporation was in existence at the time of the alleged signing of the paper sued on, and therefore held that the petition was fatally defective in failing to show that the necessary statutory steps had been taken to create a corporation with power to sue. The rule was limited to cases like the one then under consideration. This, however, is not the general rule. On the contrary, the authorities agree that the general allegation that the plaintiff or the defendant, as the case may be, is a corporation, organized and existing under the laws of some named State, is sufficient. (Thompson on Corporations, Section 3199; Selma, etc., R. Co. v. Tipton, 5 Ala., 787, 39 Am. Dec. 344; Cal. Steam Navigation Co. v. Wright, 6 Cal. 258, 65 Am. Dec. 511; Walker v. Shelbyville, etc., Turnpike Co., 80 Ind. 452; Dodge v. Minnesota Roofing Co., 14 Minn., 49.) In Bury v. Mitchell Co., (Tex. Civil App.) 74 S. W. 341, the allegation that the "plaintiff is a private corporation" was held sufficient, and in the case of Minter v. Union Pac. R. C. 3 Utah, 500, "plaintiff is a corporation" was held sufficient. Now it is manifest that it is no more of a legal conclusion to state that the plaintiff "is a corporation organized and existing under the laws of a particular State, than to simply say "plaintiff is a corporation," for in neither case is there an allegation of facts showing that the necessary steps for the creation of the corporation were taken. We therefore conclude that the allegations of appellee's corporate existence is sufficient. And being

a corporation, and the power to sue and be sued being both by statute and the principles of the common law an inseparable incident to corporate existence, the legal capacity to sue will be presumed until the contrary appear (Thompson on Corporations, Sec. 3125.) This view finds support in the early case of Commercial Bank of New Orleans v. Newport Manufacturing Company, 1 Met. 13, where the declaration alleged that the Commercial Bank of New Orleans was "a body corporate, constituted by the State of Louisiana." Other corporations were also parties plaintiff. It was contended that it did not appear that the plaintiffs were legalized bodies corporate having authority to sue as artificial persons in the names assumed. In discussing the question, the court said:

"The first objection, if made to a declaration, would not in our opinion, be available on demurrer. Although we may know judicially that neither of the plaintiffs, as described in the petitions, has ever been incorporated by this State, yet we may be presumed to have the like knowledge that they are all, as to Kentucky, extraterritorial, and the style of each of them indicates an incorporated character, and therefore, according to the case of the Dutch East India Company, reported in 2nd Lord Raymond, 1534, and the principles of which we approve, all these plaintiffs should prima facie be deemed foreign corporations, possessing as such authority to sue in the courts of this State."

It is also urged that the petition is defective in failing to allege that appellee was authorized to purchase and hold real estate. There is no presumption, however, that a corporation has exceeded its powers. On the contrary, the defense of ultra vires must be pleaded (Louisville Tobacco Warehouse Company v. Stewart, 24 Ky. Law Rep., 935.)

Another objection urged is that the petition does not state facts showing that the necessary steps to constitute a valid sale for taxes were taken by the sheriff and revenue agent, but that the petition merely states legal conclusions. This contention, however, is without merit, for under the rule now in force in this State, all that is necessary is for the purchaser to plead the deed of the Auditor, and this makes out a prima facie case, and places upon the owner of the property the burden of showing the irregularity of the proceedings leading up to the execution of the deed. Husbands v. Polivick,

etc., 29 Ky. Law Rep., 890.

That being true, it follows that the allegations claimed to be insufficient may be disregarded on the ground that they are mere surplusage.

We have carefully compared the description of the land contained in the judgment with the description in the petition. The petition identifies the land with reasonable certainty, and the two descriptions agree in the main. Furthermore, the judgment refers to the deed of record in Deed Book 55, page 352. We therefore conclude that there can be no just complaint on this score.

While it is true that the petition alleges title in appellee, and also asserts a lien for taxes and expenses paid, we are not inclined to hold that the petition will not support the judgment merely because there was no alternative allegation.

Lastly it is argued that the judgment is erroneous, because the action is one to quiet title, and to maintain such an action it is necessary to allege both legal title and possession, which the petition not only fails to do, but admits possesion by appellant. While it is true that the action was brought in equity, and asks that appellee's title be quieted, yet the allegations of the petition are sufficient to support a judgment of ejectment, and after judgment the defendant will not be heard to complain that the action was brought on the wrong side of the docket. While the judgment should not have quieted appellee's title, we will not reverse for that for the judgment awarding possession makes immaterial that part of the judgment.

After careful consideration of all the objection raised by appellant, we conclude that the petition is sufficient to support the judgment. It follows that the only way appellant can obtain relief, if he be entitled to it, is by a proceeding to vacate the judgment brought pursuant to Section 518, Civil Code.

Judgment affirmed.