## Hyden et al. v. Scott-Lees Collegiate Institute.

June 12, 1942.

Hazelrigg & Cox and A. H. Patton for appellants.

Williams & Allen for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by Scott-Lees Collegiate Institute, corporate successor to Lees Collegiate Institute, against the administrator and heirs at law of E. C. Hyden to recover on four promissory notes of $200 each executed by Hyden to Lees Collegiate Institute and to subject certain real estate to the payment of the notes. Judgment was rendered for appellee on the pleadings,

following appellants' failure to plead further after demurrer was sustained to the second paragraph of their answer, and on this appeal it is contended, first, that the petition did not state a cause of action and, second, that the answer, to which a demurrer was sustained, presented a good defense.

The first contention is based on an absence of allegation in the petition that appellee was authorized by its charter to receive donations. It is argued that in the absence of such authority in its charter the action of appellee in receiving donations was ultra vires. However, even though we indulge in the doubtful assumption that a corporation of appellee's nature and character requires express charter authority to solicit and receive donations, the defense of ultra vires must be pleaded and cannot be raised by demurrer. Martin v. Kentucky Lands Inv. Co., 146 Ky. 525, 142 S. W. 1038, Ann. Cas. 1913C, 332; Louisville Tobacco Warehouse Co. v. Stewart, 70 S. W. 285, 24 Ky. Law Rep. 934, 935.

In support of the second contention it is argued that since the first paragraph of the answer pleaded no consideration an issue was made requiring the hearing of evidence. This argument is without merit, however, because the second paragraph of the answer alleged facts showing a valuable consideration since it was alleged the notes were executed as a donation in consideration of the subscription of other donors to a fund of $50,000 which appellee agreed to raise and expend in erecting a dormitory. This was a sufficient consideration. Collier v. Baptist Ed. Soc., 8 B. Mon. 68; Trustees of Kentucky Female Orphan School v. Fleming, 10 Bush 234.

It was further pleaded that a portion of the fund raised was used in acquiring other property not connected with the erection of the dormitory. However, there was a complete absence of allegation of failure to raise the $50,000 fund and erect the dormitory. Construing this pleading most strongly against the pleader in accordance with the settled rule of construction, it is equivalent to an allegation that a fund of more than $50,000 was raised out of which $50,000 was expended in the erection of the dormitory and a portion of the fund over and above the $50,000 expended in acquiring other property. This obviously presented no defense since, as far as this allegation went, the very purpose for which appellant alleges the subscription was made, was

accomplished. At the most, appellants' remedy here was, under proper pleading to that effect, recovery of such portion of the subscription as went into purchase of other property after the expenditure of $50,000 on the dormitory. There was no pleading sufficient to justify such a recovery, assuming that such a recovery was proper.

Finally, it was alleged that notwithstanding an agreement that the subscription should be collected in full a number of subscribers were settled with at a figure less than the face value of their subscription and released from the balance and that such action on appellee's part deprived it of the right to enforce the subscription in controversy. Clearly, this presented no valid defense in the absence of allegation that the subscriptions on which settlement was made could have been collected in full. It is the usual case that where subscriptions of this character are made many of them are never paid and many are paid only in part and that many of the subscribers are insolvent so that collection cannot be made in full. Even if the subscription in controversy was made on condition that all subscriptions should be paid in full, there would be no substantial violation of this covenant if insolvent subscribers were settled with at less than face value. Construing the pleading most strongly against the pleader, this was the effect of the allegation and demurrer was correctly sustained thereto.

Since none of the matters pleaded in the answer presented a valid defense, the chancellor correctly entered judgment when appellants failed to plead further.

Judgment affirmed.