OPINION of the Court, by
Ch. J. Bibb.
The present writ of error is prosecuted to a judgment of the county court, for fines and treble taxes imposed upon Alexander, for the year 1807, collectable in 1808, and for 1808, collectable in 1809,
The offence charged against him and which was pursued in the summons, is in these words — July court, 1808, “ on the motion of George Helm, it is ordered, that a summons be issued to cause John Alexander to appear,” Eke. “ and shew cause, if any he can, why he should not be fined and treble taxed, for failing to give in a true list of his property subject to taxation, when, called on by the commissioner for the two last years past.”
The defendant appeared upon the summons, and pleaded he was not guilty7 of the failure and refusal to give In a list of his taxable property, and this he prays may be enquired of by the country, and the commonwealth likewise.
The jury found against said Alexander, “ for not entering his land with the commissioner of Hardin county, for the years 1807 and 1808, 117 dollars 50 cents, in damages.”
The court entered judgment for the damages as found by the jury, and ordered it to be certified to the Auditor, that said Alexander was fined twenty dollars for two lines “ for refusing to give in a list of his land when called on by the commissioner, also ninety seven dollars fifty cents, “ threeble tax on 13,358 acres 3d rate land for the years ” Eke.
The prosecution (whether under the ninth cr tenth section of the statute, entitled “ an act to amend and reduce into one the several acts establishing a permanent revenue”) is radically and bodily defective. The of-fence charged is too uncertain to be answered. Whether the charge is of a total neglect to give any list either true or false, or that the failure consisted of the want ol truth in a iist given, cannot be positively affirmed. It may be changed to either case as the prosecutor might elect. Accordingly the accused in his pleaseems to have understood the charge in the former sense, the jury and court in the latter. The statute has made and *516 provided for two offences ; the one where a persea shall give or deliver to any commissioner of the revenue9 “ a false or fraudulent list of persons or property subject to taxation,” the other, where he shall refuse to give á list, when called on by the commissioner according to the act. The duty of every person is to give in a true list of his taxable property, and to give his oath or affirmation of the truth thereof. If he refuses to give a list, and that too upon oath or affirmation, when required by the commissioner, or if he gives a false or fraudulent list, he falls under the penalties of the act. The offence charged seems to be neither the one nor the other. A failure to give a list when called upon seems to hold the negative of the case and to throw on the accused the affirmative proof of an offer on his part or the neglect of the commissioner. The refusal to give a list, and the falsehood or fraud in- the list given, are positive and affirmative charges to be made good by evidence on the part of the accuser.
The failure to give a true list, Í3 a general charge of the doubtful gender, equivocal and uncertain in its character. Uncertainty is the mother of falsehood and injustice ; certainty in the charge tobe answered has ever been held necessary to the attainment of justice, and indispensable in penal prosecutions.
It is unnecessary to trace the error of this prosecution through all its branches, the court being clear upoa those already mentioned.
It is therefore considered by the court, that the said judgment be reversed, and the cause remanded to the said county court, who are hereby directed to quash the said order and the proceedings thereon, with costs, to be taxed against the informer.