# International Harvester Company of America v. Commonwealth.

(Decided November 17, 1914.)

Appeal from Taylor Circuit Court.
SAME VS. SAME.
Appeal from Green Circuit Court.
SAME VS. SAME.
Appeal from Nicholas Circuit Court.
SAME VS. SAME.
Appeal from Mercer Circuit Court.
SAME VS. SAME.
Appeal from Washington Circuit Court.
SAME VS. SAME.
Appeal from Pendleton Circuit Court.
SAME VS. SAME.
Appeal from Lincoln Circuit Court.
SAME VS. SAME.
Appeal from Robertson Circuit Court.
SAME VS. SAME.
Appeal from Marion Circuit Court.
SAME VS. SAME.
Appeal from Harrison Circuit Court.
SAME VS. SAME.
Appeal from Christian Circuit Court.
SAME VS. SAME.
Appeal from Ohio Circuit Court.
SAME VS. SAME.
Appeal from Gallatin Circuit Court.
SAME VS. SAME.
Appeal from Carroll Circuit Court.
SAME VS. SAME.
Appeal from Owen Circuit Court.
SAME VS. SAME.
Appeal from Grant Circuit Court.
SAME VS. SAME.
Appeal from Boone Circuit Court.
SAME VS. SAME.
Appeal from Clinton Circuit Court.
SAME VS. SAME.
Appeal from Garrard Circuit Court.

1. **Appeal—In Penal Action.**—Under section 355 of the Criminal Code appeals in penal actions may be taken as appeals in civil cases at any time within two years after the judgment is rendered.

2.  Judgment—Reversal.—Where the petition fails to state a cause of action the judgment will be reversed on appeal although rendered by default in the circuit court.

3.  Monopolies—Trusts—U. S. Supreme Court Opinion—Recovery.— Under the opinion of the U. S. Supreme Court in the case of International Harvester Co. v. Kentucky, 234 U. S., 216, 589, no recovery may be had on the facts here alleged, which are the same as in that case.

HUMPHREY, MIDDLETON & HUMPHREY, EDGAR A. BANCRAFT and VICTOR A. REMY for appellant.

JAMES GARNETT, Attorney General, CHARLES CARROLL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Each of the above appeals involving the same questions, they will be disposed of in one opinion. The proceedings in each case were by a penal action filed in the Circuit Court by the Commonwealth of Kentucky v. The International Harvester Company of America. Judgment was entered in favor of the Commonwealth in the Circuit Court. The defendant appeals, and did not file the transcript in this court within sixty days after the judgment was rendered; but did file the transcript and take the appeal within two years after the judgment was rendered. A motion has been made by the Commonwealth to dismiss the appeals on the ground that they were not taken in time. Sections 347, 348 and 355 of the Criminal Code of Practice are as follows:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors, in the following cases only, viz: If the judgment be for a fine exceeding fifty dollars; or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars or confinement exceeding thirty days, might have been inflicted." (Sec. 347.)

"The appeal must be prayed during the term at which the judgment is rendered, and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment." (Sec. 348.)

"If the prosecution be by a penal action, the appeal shall be similar in all respects to appeals in civil actions." (Sec. 355.)

It is insisted for the Commonwealth that sec. 348 regulates the manner of taking all appeals and that sec. 355 only refers to the proceedings in appeals in penal actions subsequent to the taking of the appeal; on the other hand, it is insisted for the appellant that sec. 347 defines the jurisdiction of the Court of Appeals in prosecutions for misdemeanors and in penal actions; that section 348 regulates the taking of appeals in prosecutions for misdemeanors, and section 355 the taking of appeals in penal actions. In determining which of these constructions is right, it is proper that we should consider the condition of the law when the statute was enacted. Before the adoption of the Code of Practice it was well settled that penal actions were civil proceedings; they were classified as actions of debt and *nil debet* was held a proper plea. The proceedings in the circuit court and in this court were all the same as in other civil actions. (Alexander v. Com., 1 Bibb, 515; Portland, &c., Ins. Co. v. Trustees of Portland, 12 B. Mon., 77; Com. v. Avery, 14 Bush, 625; Com. v. Sherman, 85 Ky., 686; James v. Helm, 129 Ky., 323.) In this condition of the law, when the Code of Practice of 1851 was adopted, the following provisions were made in it:

"A public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth of Kentucky, or in the name of an individual or corporation, where the whole fine is given to such individual or corporation. The proceedings in penal actions are regulated by the Code of Practice in civil actions." (Sec. 8.)

"The Court of Appeals shall have appellate jurisdiction in prosecutions for misdemeanors in the following cases only: Where the judgment is for a fine exceeding one hundred dollars, or for imprisonment exceeding fifty days, and where the judgment is for the defendant in a case where a fine exceeding one hundred dollars, or confinement exceeding fifty days, could have been inflicted." (Sec. 342.)

"The appeal shall be prayed during the term at which the judgment was rendered, and shall be granted upon the condition that the record is lodged in the clerk's office of the Court of Appeals within sixty days after the judgment." (Sec. 343.)

"Where the prosecution is by a penal action, the appeal shall be similar in all respects to appeals in civil actions." (Sec. 351.)

It is clear that these provisions were not intended to change the law as it then stood; for by section 8 it was provided that the proceedings in penal actions are regulated by the Code of Practice in civil actions, and it was also provided in section 351 that where the prosecution is by a penal action, the appeal shall be similar in all respects to appeals in civil actions. Section 342 and section 343 in that code only referred to "prosecutions for misdemeanors" and did not include penal actions. This being the law under that code, did the revisers make a change when the code of 1876 was adopted? They brought over into the new code section 8 and section 351 regulating penal actions verbatim; section 8 now being section 11 of the present code, and section 351 being now 355. As appeals in penal actions were then prosecuted and had been from the foundation of the State, prosecuted as civil actions, and they thus continued the existing law regulating them without changing a word, it must be concluded that they intended the familiar and long-established rule of law to remain as it was.

The difficulty arises in this way: Section 342 of the Code of 1851 did not apply to penal actions and neither did section 343; but on February 9, 1858, this statute was passed amending section 342:

"That the Court of Appeals shall have jurisdiction over the judgments in penal actions and prosecutions where the fine is $50.00 or over that amount."

When the revisers of the Code of 1876 came to section 342 they combined the amendment and the original section, and thus made that section apply to appeals in penal actions. This was done merely to fix the amount necessary for jurisdiction, and when they had this matter alone in mind it is not to be concluded that they had in mind making a change in the manner in which appeals in penal actions should be taken, such appeals being regulated by other sections of the code which they brought over in this revision unchanged. In addition to this, to hold otherwise would not be to give proper effect to the express language of section 355, for it provides that appeals in penal actions shall be similar in all respects to appeals in civil actions. Two of the most important things in regard to appeals are the time and manner of taking them. After the appeal is taken and the transcript is filed in this court there is little substantial difference between the proceedings in civil and

criminal cases; and to say that section 355 only regulates the proceedings after the appeal is taken, and the transcript filed, would be to hold that the authors did a practically useless thing in inserting this section in the code. It is a familiar rule of statutory construction that in the re-enactment of statutes a change of the law is not to be inferred upon doubtful construction, and we think that this rule must be applied here. We, therefore, conclude that the appeals were taken in time and that the motions to dismiss them should be overruled.

On the merits of the cases the law and the facts are the same as in the case of the International Harvester Company of America v. Kentucky, advance opinions U. S. Supreme Court, July 15, 1914, page 853, and under the principles laid down in that case the judgment in each of the above cases must be reversed and the actions dismissed.

Under the Civil Code a default judgment will be reversed on appeal where the petition upon which it was rendered is insufficient to sustain a judgment. In a criminal proceeding a judgment imposing a fine for a misdemeanor will likewise be reversed where the indictment does not state facts constituting a public offense. These are familiar rules and have often been announced by us. The petitions in these cases fail to state facts constituting a cause of action under the opinion of the U. S. Supreme Court above referred to, and therefore the judgments upon the petitions cannot be sustained, although the defendant failed to appear and suffered judgment to go by default.

Judgment reversed in each case and cause remanded with directions to the circuit court to dismiss the proceedings.

### DISSENTING OPINION BY JUDGE NUNN.

In none of these cases was the record filed in this court within sixty days. For that reason I dissent from so much of the opinion as refuses to dismiss the appeal.

The sections of the code referred to in the opinion are the same as contained in the Bullitt and Feland code of 1876, and from that day to this there has been no amendment changing or altering either of them. The Bullitt and Feland code was adopted as the law of the state by an act of the Legislature. The act is copied into that code and is as follows:

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Sec. 1. That the provisions of this act shall regulate the proceedings in all prosecutions and penal actions in all the courts of this Commonwealth, from and after the first day of January, 1877, and shall be known as 'the Code of Practice in Criminal Cases.'

"Sec. 2. Be it further enacted, That all prosecutions or proceedings in criminal or penal cases, which shall be commenced before the first day of January, 1877, and which, by the existing laws, would be valid, shall not be rendered invalid by this act, but may be prosecuted to their conclusion, and enforced according to the existing laws, as if this act had not been passed.

"Section 3. Be it further enacted, That all laws coming within the purview of this act shall become repealed when this act goes into effect, except as provided in the preceding section."

By express terms this act not only regulates proceedings in all prosecutions and *penal* actions in all courts of this Commonwealth, but repeals all other laws coming within the purview, that is, in conflict with the act, are repealed. Therefore, I am of the opinion that the history of legislation, practice and procedure up to the time of the adoption of that code is immaterial, and if a study of that history leads one to the conclusion that the law was different then from the way it is now stated in the Code, or that the compilers of the 1876 Code did not intend to make a change in the old practice, then that conclusion should not be permitted to operate as an amendment or nullification of the Code as we now have it, and which was adopted by express legislation, repealing at the same time everything in conflict with it. All these sections should be read together as a part of a general and uniform system, and the meaning of each should be determined in connection with the others on the same subject. If two sections are in apparent conflict they should be construed, if reasonably possible, as to allow both to stand, and to give force and effect to each. 36 Cyc., 1146.

Criminal Code, section 347, gives this court appellate jurisdiction in *penal* actions and prosecutions for misdemeanors in certain cases only, and one of these conditions is if the judgment be for a fine exceeding $50. Section 348 of the code makes a further condition upon our jurisdiction, and that is that the record be lodged

in the clerk's office of the Court of Appeals within sixty days after judgment. I do not believe that these sections are in conflict with section 355, and, even if they are, I am unable to see that there is any more force in section 355 than in the ones referred to, or that there is any reason why we should give application to section 355 in preference to or in derogation of the others. While it is true that section 355 says, if the prosecution be by penal action, "the appeal shall be similar in all respects to appeals in civil actions;" still all the sections are embraced in the code as the result of one legislative enactment. If it could be said that one section should override another, then the preferred section would not only permit the record to be filed in two years, but would limit an appeal in penal actions to cases where the amount in controversy is $200.00 and over. For if appeals in penal actions shall be similar in all respects to appeals in civil actions, then section 347, which permits an appeal in a penal action if the judgment be for a fine exceeding $50, is of no force. In my judgment full effect can be given to sections 347 and 348, by permitting appeals in penal actions if the fine exceeds $50, if the record is brought here within sixty days. And full effect can at the same time be given to section 355 by holding that when the appeal is taken by filing the record within sixty days, the practice thereon shall be similar in all respects to appeals in civil actions.

For these reasons, I dissent from the opinion of the court.