## Forsythe v. Russell Company.

(Decided May 21, 1912.)

### Appeal from Butler Circuit Court.

1. Warranty—Notice.—Where there is an express warranty, none is implied and no recovery can be had on an express warranty providing that notice of defects must be given, if notice is not given as provided in the contract.

2. Vendor and Purchaser.—The vendee accepting and using the property without objection for a long time will not be heard to say it was not what he bought.

E. BRADLEY, N. T. HOWARD for appellant.

G. V. WILLIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

In May, 1907, G. Forsythe bought of the Russell Company a saw mill and steam engine for $1,250. He paid $450 cash and executed four notes, each for $200, due October 1, 1907, February 1, 1908, June 1, 1908, and October 1, 1908. He paid the first two notes and a greater part of the third, but failed to pay the remainder of the debt and this action was brought to recover it and to enforce a mortgage given on the property to secure it. In defense of the suit, Forsythe pleaded, in substance, that the plaintiff did not deliver to him the saw mill and engine which he bought or all the attachments he bought, and that the engine and saw mill

which it delivered were defective. He made his answer a counterclaim and prayed judgment over against the plaintiff. Upon a hearing of the case, the circuit court entered judgment for the plaintiff and Forsythe appeals.

The proof shows that a drummer for the Russell Company went to see Forsythe in Butler County, and he there signed an order for the machinery which was approved by the home office and the machinery shipped to him. The written contract under which the machinery was sold contained the usual warranty, but required the purchaser, if any part of the machinery was defective, to give a written notice in six days and provided that the continual possession or use of the machinery for six days without such notice should be conclusive evidence that the warranty was fulfilled to the satisfaction of the purchaser. After Forsythe received the mill and engine and put it in operation, he executed the notes and mortgage referred to. He at no time made any complaint to the company. On the contrary, on March 2, 1908, he wrote to the company saying that he had not been able to sell his ties and would try and arrange to take up his note right away. On June 10, 1908, he again wrote to the company that he had the promise of money to pay one of his notes if not both that were due; that he had not yet sold his ties, but would get the matter fixed in a few days. On January 1, 1909, he wrote to the company that business had not opened up and that he had been unable to sell his ties, but that he would try and pay one of the notes in a few days.

There being an express warranty, no warranty is implied. If the machinery was not up to the warranty, it was incumbent upon the purchaser promptly to give notice to the vendor so that it could remedy the defect by supplying other machinery that was all right as provided in the contract.

The proof is conclusive that Forsythe accepted the machinery and used it knowing exactly what he was getting, and his acceptance and long use of the machinery now precludes him from saying that it was not the machinery which he bought, and we do not find proof in the record that he did not get what the written contract called for. We have held in a number of cases that the purchaser who accepts and uses an article which is shipped to him, when he had a full opportunity to inspect it

before accepting it, may not be heard to say that it was not what he bought. (Jones v. McEwan, 91 Ky., 373; Wallace v. Woolen Mills, 117 Ky., 455, and cases therein cited.)

Judgment affirmed.