### Durham v. Elliott, et al.

(Decided May 28, 1918.)

## Appeal from Washington Circuit Court.

1. Pleading—Exhibits—Effect.—An exhibit made a part of a pleading will, unless impeached or explained, control where it conflicts with the allegations of the pleading.

2. Judgment—Pleading to Support Default Judgment—Bills and Notes.—A provision in each of a series of notes, that all should become due and payable upon the failure to pay any one of them when due, is in conflict with and controls the allegations of the petition to recover thereon that the notes were to become due and payable if the maker should fail or refuse to pay any part of the purchase money when due, said notes and the assumption of an unpaid sale bond being the consideration for an assignment of a purchase of land at judicial sale; and a default judgment for the amount of the notes, or any of them, before maturity of the first was erroneous.

3. Costs—Failure to Demur.—A party failing to demur to a pleading is liable for the costs resulting from such failure.

4. Judicial Sales—Liens—Priority.—Under section 694, Civil Code, as amended by act of 1916, it was not error to order a sale of a sufficiency of land to pay a matured prior lien claim thereon, before maturity of notes secured by an inferior lien on the land.

5. Judicial Sales—Exceptions to Report of Sale—Inadequacy of Price. —A sale of a tract of land for $916.00, attacked for inadequacy of price, will be set aside where there was tendered an offer and bond to bid at a re-sale $1,500.00 therefor, the land was appraised at $1,300.00, and the advertisement of the amount to be realized by the judgment was double the actual amount due.

W. C. McCHORD for appellant.

W. F. GRIGSBY, J. H. McCHORD and T. B. McGREGOR for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In the suit of Peoples Deposit Bank against him, J. A. Young became the purchaser of seventy acres of land and, in payment therefor, executed two purchase money bonds for $375.00 each, due in six and twelve months, with appellees, D. B. and W. B. Elliott, as sureties thereon. Three days after the first of these bonds became due, Young, by written assignment, transferred his purchase of the land to appellant. C. O. Durham, in consideration of the latter's agreement to satisfy the purchase money bonds "and other valuable considerations," which assignment was filed in that action and an order entered directing the court's commissioner to convey the land to Durham when he had paid the purchase money bonds. Durham paid the first bond, then due, and took possession of the land, but he failed to pay the second bond, due April 25, 1916, and appellees, being sureties thereon, were required to pay same, which they did September 9, 1916.

As a part of the consideration of the assignment of the purchase of the land to Durham, he executed three notes to Young for $202.86 2-3 each, due January 1, 1917, January 1, 1918, and January 1, 1919, respectively. The first two of these notes Young assigned to D. B. Elliott. In each of the notes is a provision that all shall become due and payable upon the failure to pay any one when due.

On September 15, 1916, appellees instituted this action against Durham, in which the above facts are recited and the two notes owned by D. B. Elliott are filed and made part of the petition, and it is further alleged all of the notes executed by Durham were, by his agreement with Young, to become due and payable at once, if he failed or refused "to pay any of the unpaid purchase

money" when due. Judgment was asked against Durham for the $405.80, with interest, which plaintiffs had paid as sureties in satisfaction of purchase money bond in the bank case and which defendant had agreed but failed to pay; for the amount of the notes assigned by Young to D. B. Elliott for $202.86 each and interest; and that the $405.80 be adjudged a first lien and the total of the two notes a second lien on the seventy acres of land and that it be sold in satisfaction of the judgment.

J. A. Young was made a defendant and required to set up his lien note, the third of the series executed to him by Durham, and this he did by answer and cross-petition filed November 3, 1916, in open court. Upon the same day the defendant, Durham, having been summoned and having failed to answer the petition, a default judgment was entered against him as prayed in the petition. The note of cross-petitioner was adjudged a lien upon the land of equal rank with the notes owned by plaintiffs but inferior to their lien for the $405.80 they paid in satisfaction of the purchase money bond in the bank case, and the land was ordered sold in satisfaction of plaintiffs' judgment. In pursuance thereof the master, as directed, after appraisment at $1,300.00, sold the land as a whole on November 27, 1916, to the plaintiffs for $916.00. Defendant filed exceptions to the report of sale, upon the trial of which the sale was confirmed; and he has appealed from that judgment and the one entered against him on November 3, 1916.

1. The only ground relied upon for a reversal of the judgment of Nov. 3, 1916, and in fact the only ground upon which he could have relied, as that was a default judgment, is that the petition did not state a cause of action, in that the two notes of $202.86 each are shown by the petition not to have been due when the petition was filed and the judgment was entered. In this he is correct, because, by the terms of the notes filed with and made a part of the petition, none of them was due until January 1, 1917, while the petition was filed September 15, 1916, and the judgment entered on November 3, 1916. It is true that there is a charge in the petition that it was agreed between defendant and J. A. Young, to whom the notes were executed, that they were to become due and payable upon the failure of the defendant to pay any part of the purchase price of the land when due, and that the purchase money bond, due April 25, 1916, was a part of

the purchase price and defendant had failed to pay it when due, but this allegation is in direct conflict with the provision of the notes. An exhibit, if in conflict with the allegations of a pleading, can not aid the pleading, but may render it bad; and if an exhibit referred to and filed contradicts an allegation of the pleading, the exhibit will control the allegation, unless the exhibit be expressly impeached or explained by the facts stated in the pleading. Bush v. Madeira's Heirs, 14 B. Mon. 172; Newman's Pleading and Practice, 3rd Ed. Vol. 1, section 204c; Black v. O'Hara, Admr., 175 Ky. 623. In the instant case, the exhibits contradict the allegations of the petition, and being unimpeached, it follows that the pleading setting up these two notes did not state a cause of action and the judgment, to that extent, is erroneous and must be reversed. Martin v. Ky. Lands Investment Co., 146 Ky. 525; Stamper v. Forman-Earle Co., 158 Ky. 324.

By reason of the failure of the defendant to demur to the defective petition he is liable for all costs incurred. Moore v. Moxey, 19 Ky. L. R. 160, 39 S. W. 420; Combs v. Pridmore, 19 Ky. L. R. 1934, 43 S. W. 681; Bush v. Louisville Trust Co., 24 Ky. L. R. 2182, 73 S. W. 775; Civil Code, section 93, sub-section 2.

The petition, however, does state a cause of action with reference to the $405.80, which plaintiffs, as his surety, paid in satisfaction of the purchase money bond executed by Young in the bank case and which Durham, in the purchase of the land from Young, had obligated himself to pay, and as to this item the judgment is not erroneous. As this sum was a prior lien upon the land, it was not error to order a sale of sufficiency of the land to pay this item before the notes secured by an inferior lien became due. Civil Code, section 694, as amended, Acts 1916, p. 656.

2. Among the exceptions to the report of sale we need notice but two, viz.: that the price at which the land sold was grossly inadequate, and that the commissioner, in advertising the amount of debt and costs to be made, named an amount greatly in excess of that to be realized under the judgment.

Upon the first proposition, the defendant introduced proof to show that the land, which was appraised at $1,300.00 before the sale and sold for $916.00, was upon that day of the market value of $1,500.00; and tendered

a bond of his father-in-law, Robert Mattingly, with surety conceded to be good for the amount, that if a re-sale should be ordered he would pay $1,500.00 for the land. In opposition to this, the plaintiffs introduced several witnesses to show that the land was not worth more than $1,000.00 to $1,050.00, and one witness who said that it was worth only $700.00 or $800.00. The fact that the land was appraised by disinterested landowners on the day of the sale at $1,300.00 and in the bank case at $1,400.00, in connection with the offer and bond of Mattingly to bid $1,500.00, is convincing that it was worth that sum, and that the sale to plaintiffs at $916.00 was at a grossly inadequate price. Inadequacy of price alone, however, is not sufficient ground to set aside a sale. Stump v. Martin, 9 Bush, 285. But when the price paid is greatly disproportionate to the actual value of the property, only slight additional circumstances are required to make it the duty of the chancellor to set aside the sale. Bean v. Hofendorfer, 84 Ky. 685; Columbia F. & T. Co. v. Bates, 24 Ky. L. R. 2412, 74 S. W. 248; Morris v. McCadden, 23 Ky. L. R. 539, 63 S. W. 435; Costigan v. Truesdale, 26 Ky. L. R. 971, 83 S. W. 98.

The land was advertised and sold as a whole for the purpose, as stated in the advertisement, of raising $897.00, whereas, at that time, a sale was authorized for only a sufficiency of the land to raise about half of that sum, and it was sold to plaintiffs for an amount barely sufficient to satisfy their lien debts against it, to the exclusion of the lien held by Young. At another sale, it is made certain that not only plaintiffs, but Young as well, will realize the full amount of their indebtedness, with something over for the defendant. These are circumstances which, we think, added to the gross inadequacy of the price at which the land was sold, imposed upon the chancellor the duty to have set aside the sale.

Wherefore, the judgment confirming the sale is set aside and that part of the judgment of November 3, 1916, based upon the notes not then due, is reversed, and the cause is remanded for proceedings consistent herewith.