# Holzknecht v. Louisville Deutsche Scheutzen Gesselschoft.

(Decided June 9, 1922.)

## Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Judgment—Setting Aside.—Sections 344 and 518 of the Code do not authorize the setting aside or vacating of a judgment by the court rendering it after the expiration of the term except upon the grounds stated or referred to therein, none of which include the insufficiency of the pleadings to sustain the judgment, which is also not a misprision of the clerk as defined by section 517 of the Code. In such case the remedy of the complaining litigant is by an appeal to this court, which he may do notwithstanding an unsuccessful effort to vacate the judgment by motion made in the trial court after the term at which the judgment was rendered

2. Judgment—Default Judgment.—A default judgment only admits and confesses facts which are properly pleaded and if the judgment is not supported by properly pleaded facts it is erroneous and will be reversed on appeal.

3. Judgment—Pleading—Exhibits—Variance.—A note or other writing, upon which the action is based and which as an exhibit is made a part of the pleading, will, unless impeached or explained in the pleading, control the latter in case of conflict between the allegations and the exhibit, and where there is a variance between the two the exhibit will prevail and serve to nullify the conflicting allegation in the pleading; hence where a note sued on and filed as an exhibit with the petition showed that one of the defendants did not sign or execute it, it was error to render judgment against him by default, although the petition averred that he did sign and execute it.

MARK BEAUCHAMP for appellant.

WILLIAM L. DOOLIN and CHARLES P. SYTT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining motion for appeal and reversing the judgment.

The appellee, Louisville Deutsche Scheutzen Gesselschoft, as plaintiff in the court below, filed this action in

the Jefferson circuit court against appellant, Joseph Holzknecht, and three others as defendants seeking to recover from them the amount of a note alleged to have been executed by them to plaintiff on January 3, 1915, whereby they agreed to pay it one year thereafter the sum of $300.00. The defendants named in the petition, including appellant, were duly served with process and failing to answer a default judgment was rendered. against them on January 25, 1919, in favor of plaintiff for the full amount of the note, interest and costs. On December 20, 1920, nearly two years thereafter, appellant as one of the defendants in the judgment, upon notice to plaintiff, moved the court to set aside the judgment as to him upon the ground that he had not executed the note, which was filed with the petition as an exhibit, and which fact was shown upon its face, and that he had been induced not to make defense because his father and uncle, who had signed the note, informed him that he had been sued by mistake and that plaintiff had agreed to correct it by dismissing the action as to him, and that he had not learned to the contrary until a short while before making his application to set the judgment aside. The court overruled his motion and he filed a transcript of the record with the clerk of this court and entered motion for an appeal on January 3, 1921.

In an effort to sustain the action of the court and to procure an affirmance of the judgment, counsel for plaintiff insists that appellant did not exercise the necessary diligence, and that his motion was not made within the time required by section 344 of the Civil Code of Practice. Section 513 of the Code says:

"A judgment rendered in the circuit court may be reversed, vacated or modified either by it or by the Court of Appeals." The only sections authorizing the circuit court to grant the relief are 340, 344 and 518. The motion was not made within three days, as required by section 340, nor was it made within the time or in the manner as prescribed by section 344. The only grounds for the motion named in the latter section are those set out in section 340, none of which includes the ground here relied on. Section 518 authorizes the granting of a new trial under the circumstances therein specified for any of the grounds and in the manner prescribed in section 344; or in cases where defendants have been constructively summoned; or for misprisions of the clerk, or for fraud practiced by the successful party, or where the judgment has been ren-

dered against persons under disability; or where one of the parties died before the rendition of the judgment; or for unavoidable casualty or misfortune preventing an appearance or defense; or where the judgment is sought to be set aside by an infant proceeding under the provisions of section 391. The grounds for the relief here sought are not included in any of those mentioned, unless it be misprision of the clerk; but section 517 defines what are such misprisions, as contemplated by section 518 and none of those definitions includes the state of case here presented. So that, we conclude that the court was without authority to set aside the judgment after the term, although appellant had strictly complied with the Code requirements under which he sought relief. It does not necessarily follow, however, that defendant is without right to relief in this court if the default judgment rendered against him was erroneous, since, under the provisions of section 514 of the Code, a judgment may be reversed or modified by the Court of Appeals (in cases where it has jurisdiction) ''for errors appearing in the record.''

The rule is universal, so far as we have been able to find, that a default judgment can not be sustained unless it is supported by the pleadings. 15 R. C. L. 604-5; 23 Cyc. 753; Anderson v. Anderson, 18 B. Mon. 95; Davies' Exec. v. City of Louisville, 159 Ky. 252; International Harvester Co. of America v. Commonwealth, 161 Ky. 49; Bement v. Commonwealth, 172 Ky. 452. Nor will a confession of the allegations of the pleading by failing to appear and respond, and the consequent suffering of a default judgment, waive the defects of an insufficient pleading, since ''defendant's default operates as an admission only of those facts which are well and properly pleaded in plaintiff's declaration or complaint.'' Cyc., *supra,* and 3 Corpus Juris, 604-5. If, therefore, the petition in this case was so defective as to be insufficient to support the default judgment it was an error ''appearing in the record'' and comes strictly within the provisions of section 514, *supra.*

It is a rule of practice, long recognized and applied in this jurisdiction, that a written exhibit upon which the petition or pleading is based and which is filed as a part of it can not aid the defective allegations of the pleading but may subtract from it, and that when there is a variance between the averments of the pleading and the language of the exhibit the latter

will prevail, and serves to nullify the allegations in the pleadings. Union Boiler and Tube Cleaner Co. v. Louisville Ry. Co., 25 Ky. L. R. 122; Miller v. McConnell, 118 Ky. 293, 26 Ky. L. R. 181; Mutual Security Fund Co. v. Logan, 90 Ky. 364; Hudson v. Scottish Union and National Ins. Co., 110 Ky. 722; Wash v. Noel, 160 Ky. 847; Kalfus v. Davies' Exec., 164 Ky. 390, and Durham v. Elliott, 180 Ky. 724.

The latter case presented facts almost identical with those shown in this record. The action therein was filed September 15, 1916, to recover the amount of described notes which were not then due as shown upon their face. They were filed as exhibits with the petition which defendant did not answer but suffered judgment by default. On direct appeal to this court the judgment was reversed because the petition failed to state a cause of action and, in so holding, the court said: ''An exhibit, if in conflict with the allegations of a pleading, can not aid the pleading, but may render it bad; and if an exhibit referred to and filed contradicts an allegation of the pleading, the exhibit will control the allegation, unless the exhibit be expressly impeached or explained by the facts stated in the pleading. Bush v. Madeira's Heirs, 14 B. Mon. 172; Newman's Pleading and Practice, 2nd ed., vol. 1, section 204c; Black v. O'Hara, Admr., 175 Ky. 623. In the instant case the exhibits contradict the allegations of the petition, and being unimpeached, it follows that the pleading setting up these two notes did not state a cause of action and the judgment, to that extent, is erroneous and must be reversed. Martin v. Ky. Lands Investment Co., 146 Ky. 525; Stamper· v. Forman-Earle Co., 158 Ky. 324.''

It is apparent that further discussion and elaboration are unnecessary, since in this case the exhibit filed with the petition, which was the note sued on, did not bear the signature of appellant, which fact contradicted the allegation that he had signed it and rendered the petition insufficient to support the default judgment rendered against him.

Wherefore, the motion for an appeal is granted and the judgment against appellant is reversed with directions to set it aside, and for proceedings consistent herewith.