## Samuels v. Weikel.

(Decided June 23, 1922.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Appeal and Error—Clerical Misprision.—A clerical misprision is not ground for an appeal until acted on in the lower court, but the misprision contemplated by section 518 of the Civil Code consists of error or mistake of the clerk, and not error of the court, and does not include a judgment rendered in accordance with the prayer of the petition against one who is a party to the suit but against whom no cause of action is stated in the petition.

2. Appeal and Error—Pleadings Must Support Judgment.—Under section 514 of the Civil Code a judgment may be reversed or modified on appeal to this court for errors appearing in the record and unless the judgment is supported by the pleadings it is erroneous.

3. Pleading—Exhibits.—A written exhibit on which a petition or pleading is based, if filed as a part of it, must prevail as against the averments of the petition where there is a conflict between the two.

4. Appeal and Error—Correcting Error in Judgment.—Where a default judgment was rendered against a party to a suit against whom the petition stated no cause of action, it was unnecessary to make a motion in the lower court to set aside the judgment, after the expiration of the term, since that court was without authority to vacate the judgment under section 518 of the Civil Code. The method of correcting the error is by appeal to this court.

EDWARD J. KLEMM for appellant.

WALTER ALT for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

The appellee, Fred Weikel, recovered a judgment for $740.00 with interest thereon at the rate of six per cent per annum from June 30, 1917, until paid, against Maybelle Samuels and her husband, John W. Samuels, in the Jefferson circuit court. John W. Samuels, the appellant, is seeking to have the judgment set aside on this appeal, on the ground that it is erroneous as to him.

Maybelle Samuels, the wife of appellant, purchased some real estate in Louisville, Kentucky, and agreed as part of the consideration to assume the payment of two mortgage notes against the property. The prior lien was held by the Kentucky Title Savings Bank & Trust Company and the second lien of $740.00 was in favor of J. R. Dorsey. Appellee became the holder of the second lien and in May, 1918, instituted suit on the note seeking a personal judgment against Maybelle Samuels, and also to have his lien on the mortgaged property enforced. The Kentucky Title Savings Bank & Trust Company was made a party defendant and was called on to set up any claim that it had against the property. Appellant was also made a party defendant and by the prayer of the petition a personal judgment was sought against him as well as Maybelle Samuels. There were filed with the petition the note for $740.00, with the endorsements thereon by which it became the property of appellee, and also the mortgage on the property executed to secure the payment of the note.

Appellant was summoned but made no defense to the suit. Personal judgment was rendered against him and Maybelle Samuels and the mortgaged property was adjudged to be sold. At the sale the property brought only a few dollars more than enough to pay the costs of the suit and the first mortgage debt, adjudged to be superior to appellee's claim. This appeal is prosecuted to reverse the personal judgment against appellant.

No motion was made by appellant in the circuit court for a new trial or to vacate the judgment. It is contended for appellee on his motion to dismiss this appeal that the judgment is a clerical misprision and this court is without jurisdiction to review it, because no motion to correct it was presented to or acted upon in the circuit court.

Section 518 of the Civil Code authorizes the granting of a new trial, after the expiration of the term at which

the judgment was rendered, on any of the grounds set out in that section, including those mentioned in section 344. But the error in this judgment is not included in any of the grounds specified in section 518 of the Code, unless it be that it is a clerical misprision. A clerical misprision is not ground for an appeal until acted on in the lower court. (Morrison v. Beckham, 96 Ky. 72.) The misprision of the clerk contemplated by section 518 consists of error or mistake of the clerk, and not error of the court, and, since the court rendered judgment in accordance with the prayer of the petition, it is our view that appellant is not asking relief from a clerical misprision but from an erroneous judgment, which the circuit court, after the expiration of the term at which the judgment was rendered, did not have the power under section 518 of the Code to vacate or modify.

Under section 514 of the Civil Code a judgment may be reversed or modified on appeal to this court for errors appearing in the record, and we have frequently held in conformity with the general rule that a judgment is erroneous and cannot be sustained unless it is supported by the pleadings. (15 R. C. L. 604-5; 23 Cyc. 753; Anderson v. Anderson, 18 B. Monroe, 95; Davies' Exor. v. City of Louisville, 159 Ky. 252; International Harvester Company of America v. Commonwealth, 161 Ky. 49; Bement v. Commonwealth, 172 Ky. 452; Joseph Holzknecht v. Louisville Deutsche Schentzen Gesselschoft, 195 Ky. 189.

In the case at bar the appellant was summoned and a default judgment rendered against him. But the petition does not state a cause of action against him and there is no allegation in it that shows that appellee was entitled to any relief as against appellant. On the contrary the petition shows that Maybelle Samuels alone was liable on the note. The only allegation in the petition against appellant is that he was the husband of Maybelle Samuels, and he was "called upon to make any defenses he has or can to the above styled action or be forever barred." It is true that in the prayer of the petition a personal judgment was asked against appellant but that fact does not affect the rule indicated, i. e., that a judgment is erroneous unless it is supported by the pleadings, and by that is meant unless the averments of the pleadings are such as authorize the rendition of the judgment.

Another familiar rule in this jurisdiction is that a written exhibit, upon which a petition or pleading is

based, if filed as a part of it, must prevail as against the averments of the petition where there is a conflict between the two. (Hudson v. Scottish Union & Natl. Ins. Co., 110 Ky. 722; Wash v. Noel, 160 Ky. 847; Kalfus v. Davies' Exor., 164 Ky. 390; Durham v. Elliott, 180 Ky. 724.) The note and mortgage executed by Maybelle Samuels and filed with the petition clearly show that the liability on the note was exclusively hers. So this record presents a case where the petition fails to state a cause of action against appellant and the exhibits filed with it negative the existence of any such cause of action.

In the recent case of Holzknecht v. Louisville Deutsche Schentzen Gesselschoft, *supra,* a motion was made nearly two years after the rendition of the judgment to set it aside. It was held by this court that the judgment was not a clerical misprision within the meaning of section 518 of the Civil Code, and that it was unnecessary to make a motion in the lower court to set it aside as that court was without authority to vacate the judgment after the expiration of the term at which it was rendered. And it was further held that inasmuch as the judgment was not supported by the pleadings a direct appeal to this court within two years from its rendition was the proper procedure to correct the error. This is the latest utterance of this court on that subject and is conclusive of the case under consideration.

The motion to dismiss the appeal is overruled and the judgment is reversed for proceedings not inconsistent with this opinion.