## Black Diamond Coal Mining Company v. Heyl & Patterson.

(Decided May 7, 1926.)

### Appeal from Muhlenberg Circuit Court.

1. Pleading—Allegation that Plaintiff Failed to Comply with Warranty, Whereby Defendant Suffered Damage by Loss of Business, Held Conclusion, in Absence of Allegations Showing How Result was Brought About, on which Relief Cannot be Granted.—Where, in action for price of machinery installed in mine, defendant alleged that machinery, not being as warranted, required readjustment causing hindrance to mine operation and $1,500.00 loss, instruction not to find for defendant thereon was proper; such allegation being pure conclusion, in absence of allegations showing how result was brought about.

2. Sales—Seller Having Expressly Warranted Machinery Installed, and Buyer Having Agreed to Give Notice of Breach, where no Notice was Given, Buyer Cannot Recover for Money Expended for Repairs.—Buyers who, contrary to agreement to notify plaintiffs if trouble arose in operation of car haul, including a motor, installed by plaintiffs in mine under express warranty as to quality and fitness, had motor repaired by others upon failure to work properly, cannot recover such expenditure for breach of warranty.

A. A. TAYLOR for appellant.

WILKINS & SPARKS for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellees filed their ordinary action against appellant to recover the balance of an account growing out of the installation of an empty car haul in appellant's coal mining plant under a contract.

In an answer, set-off and counterclaim it is alleged that plaintiff guaranteed the workmanship, material and equipment so installed would be first class in every par-

ticular, and would be of ample strength, capacity and power to perform the intended service, and that the car haul when installed would be capable of handling and hauling 160 cars per hour, the weight of each empty car to be approximately 3,000 pounds; and that plaintiff knew the character of the machinery and equipment desired and contracted for, and the purpose of its installation and the location where same was intended to be used. It is then alleged that the plaintiff wrongfully installed in defendant's mines such machinery and equipment as were not of sufficient strength, power or capacity to haul or handle anything like 160 cars of 3,000 pounds each per hour, and which would not perform the intended service; and that by reason of such incapacity, and because of its failure to properly perform the intended work it became necessary for defendant to install other machinery and equipment in lieu of the original. That in so installing such replacement machinery it became necessary to and it did expend the sum of $425.40. It is further alleged that in making such changes, replacement and readjustment the operation of defendant's mine was hindered and delayed, by reason of which it sustained loss in the sum of $1,500.00, which was the direct and proximate result of plaintiff's failure to furnish and install, in accordance with its contract, the machinery and equipment contracted for, and defendant prayed judgment over against the plaintiff for $980.78 on its counterclaim, over and above the plaintiff's account.

On the trial the court instructed the jury to find for the plaintiff the balance claimed on its account, but that if they believed the machinery so installed was defective so as not to comply with the warranty, and that the same had to be readjusted by defendant because of such defect whereby defendant incurred expense, then they should find for the defendant such costs and expenses incurred by defendant not exceeding $425.40, and that such sum so found should be deducted from the amount of the plaintiff's claim. The jury was likewise instructed that they should not find anything for defendant on account of the $1,500.00 item claimed for delay, hindrance and loss of business.

The jury found a verdict for the plaintiff for something less than the amount of its claim, and this appeal results.

The car haul was completed on January 11, 1923, at which time appellee accepted the same with the assur-

ance that it had every appearance of being all right, but would report after further operation if there was any trouble. A month or so after the operation trouble developed with the motor, and defendant instead of notifying plaintiff of the trouble undertook to have the same repaired at another place nearer to its coal operation, plaintiff's place of business being at Pittsburg, Pa. The motor, after being so repaired and replaced, still did not operate satisfactorily, and defendant on the 3rd of April, 1923, for the first time notified plaintiff of this fact, and made no complaint of any other part of the machinery, or equipment.

It seems to have developed that the motor so installed by plaintiff was not properly insulated for an underground or damp location, and the plaintiff promptly upon notice shipped to defendant a new and different motor designed to operate in such conditions, and which the record discloses afterwards operated satisfactorily.

The court's direction to the jury not to find anything for defendant on the $1,500.00 claim for damages for loss alleged to have been sustained by defendant because of the interference of the operation of its mine during the installing of the replaced machinery, was proper, for the allegation as to that item is a pure conclusion and contains no facts which may form a basis for estimating any such alleged damages. There is no allegation as to the number of days the plant was so delayed, or that the plant at the time was operating at a profit, or any other allegation which might form the basis for estimating any damages that might have followed. The mere allegation that one has failed to comply with a certain agreement whereby another was damaged so much is a pure conclusion unless there accompanies such allegation additional ones showing how that result was so brought about. It is conceivable that the failure of one to comply with his agreement might at times be beneficial rather than detrimental to the party with whom such agreement was made, for if in this case appellant's mine at the time of this delay was being operated at a loss each day rather than at a profit, then the shut-down because of the installing of the replacement machinery would have been to its advantage rather than to its damage.

It will be recalled that appellant, when it accepted the machinery in writing on the 11th of January, 1923, wrote to appellee that if there was any trouble in the future operation of the machinery it would report. In-

stead of doing this, when a month or so later the motor installed did not work properly, without notifying appellee it undertook to have the same repaired by other persons and expended in such repairs as claimed $425.40. In fact it never did notify appellee until after the motor had again failed after this expenditure. The rule is where there is an express warranty in the sale of machinery with an agreement to notify the vendor of any breach, and no notice is given, no recovery can be had on such breach of the warranty. The reason of that rule is that the vendor, who is liable on his warranty, is entitled to notice of the breach so that he may himself, in his own way and at the least possible expense, repair the machinery and relieve himself from liability on his warranty. It is not contemplated that the vendee may without notice to the vendor have another to repair or replace defective machinery, and thereafter charge the cost or expense of the same to the vendor. Weber v. Lape, 145 Ky. 769; Forsythe v. Russell Company, 148 Ky. 490.

The complaint of the instructions is not justified. They submitted the issue in at least as favorable way to defendant as it was entitled, and the verdict and judgment appear to be in accord with the merits.

Judgment affirmed.