## Sansco Manufacturing Company v. Jewell.

(Decided November 12, 1926.)

### Appeal from McCracken Circuit Court.

1. Pleading—Answer Alleging Contract to Ship Goods as Ordered and Pay Trade Acceptance Sued on Only if Goods Proved Satisfactory Held Demurrable as Contradicting Written Contract Filed as Exhibit.—In action on trade acceptances for jewelry purchased, answer alleging written contract to ship goods as ordered, and

proved satisfactory, held bad on demurrer as contradicting written verbal contract that acceptances should not be paid unless goods contract, filed as exhibit, providing for replacement of any jewelry proving unsatisfactory.

2.  Pleading.—Written exhibit, filed as part of pleading based thereon, must prevail as against conflicting averments of pleading.

BEN S. ADAMS for appellant.

M. E. GILBERT for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant is engaged in the wholesale jewelry business at St. Louis, Missouri, and on July 14, 1923, through its traveling salesman, sold to the appellee a lot of jewelry, purses and similar articles for the sum of $298.00. For the purchase price appellee executed five trade acceptances for $59.60 each, due in three, five, seven, nine and twelve months after date respectively. A written contract was signed by appellee and by Robert Taylor, salesman for appellant, which, after describing the various articles sold, contained the following provisions:

"WARRANTY: If any jewelry in this assortment proves unsatisfactory, we will replace it without charge.

"GUARANTEE: We agree to buy back, at invoice price, all goods remaining on hand, if the customer decides to discontinue our line one year from date of first payment, provided he has kept the goods well displayed and used our advertising plan in good faith. For this purpose the customer is to give one five-cent certificate with twenty-five cents' worth of goods sold in his store and send us for advertising purposes twenty-four different names every other month for one year. We furnish certificates free whenever requested.

"OUR PAYMENT PLAN: The customer may settle for this assortment in five equal installments, due in three, five, seven, nine and twelve months; these installments to be covered by five trade acceptances, each for one-fifth of the amount of the bill. If the customer wishes to pay cash, we will allow a discount of six per cent, if paid within ten days after receipt of goods.

"We do not place any goods on commission or consignment and it is understood that this contract contains all the agreements between the parties hereto. Any changes in this agreement must be endorsed thereon in writing."

On August 1, 1923, a few days after the goods had been received by appellee, he wrote a letter to appellant in which he acknowleged receipt of the goods and in which he further stated that they were so high priced that he would never be able to sell them in the community in which he did business and asked if appellant would take them back if he returned them and paid all expenses. Appellant declined to accept the return of the goods and appellee placed then in his showcase. At the end of a year he had sold $22.80 worth of them and on August 1, 1924, he sent to appellant a check for that amount and returned the balance of the goods which appellant declined to accept.

Appellant then instituted suit on the trade acceptances and appellee filed an answer to which a demurrer was sustained. He then filed an amended answer in which he alleged that under a written contract between appellant and appellee the jewelry was to be sold by him to his customers upon a guarantee that it was of good quality and that when the jewelry was sold from time to time by him he should be permitted to order from the appellant and the appellant agreed to ship to him such goods and merchandise as he ordered; and that in addition to the written contract, a verbal contract was entered into between appellee and appellant through its agent, Claude D. Hall, whereby none of the trade acceptances should be paid by appellee unless the goods, wares and merchandise proved to be satisfactory and of high grade. He further alleged that the merchandise delivered was of inferior quality and that appellant failed and refused to ship and supply appellee with the goods and merchandise which he had purchased. He filed as a part of his amended answer the written contract referred to.

The amended answer is not clear and does not attempt to set out in what respect the goods delivered differed from those that had been purchased. Moreover, the written contract filed as a part of the amended answer provided that if any jewelry proved unsatisfactory appellant would replace it without charge. Appellee failed to allege that appellant had been requested or given an

opportunity to replace any jewelry that had proven unsatisfactory. He also failed to allege that he had performed his part of the contract by keeping the goods well displayed and by using appellant's advertising plan in good faith.

It will be noted that the written contract filed as an exhibit contradicts in many respects the allegations of the amended answer of which it is made a part. A written exhibit upon which a pleading is based, if filed as a part of it, must prevail as against the averments of the pleading where there is a conflict between the two. Samuels v. Weikel, 195 Ky. 552, 242 S. W. 836. In Holzknecht v. Louisville Deutsche Scheutzen Gesselschoft, 195 Ky. 189, 241 S. W. 804, we said: "It is a rule of practice, long recognized and applied in this jurisdiction, that a written exhibit upon which the petition or pleading is based and which is filed as a part of it can not aid the defective allegations of the pleading but may subtract from it, and that when there is a variance between the averments of the pleading and the language of the exhibit the latter will prevail, and serves to nullify the allegations in the pleadings." We are, therefore, of the opinion that the demurrer to the amended answer should have been sustained.

The motion for an appeal is, therefore, sustained, the appeal granted and judgment reversed for further proceedings consistent herewith.