# Van Deren Hardware Company v. John H. Preston & Son.

(Decided April 24, 1928.)

## Appeal from Johnson Circuit Court.

1. Sales.—In action on notes given for purchase price of boots and shoes allegation in counterclaim that statements as to their quality were falsely and fraudulently made did not prevent action from being one for breach of warranty rather than deceit.

2. Sales.—Buyers of boots and shoes who failed to show reliance upon statements constituting warranty of the shoes held not entitled to recovery for breach of warranty.

3. Sales.—Measure of damages for breach of warranty is ordinarily difference between the value of the article delivered and what would have been its value if it had been as warranted.

4. Sales.—Buyers of boots and shoes for sale at retail held not entitled to recover, for breach of warranty, damages to their trade and business flowing from sale to their customers of alleged defective shoes purchased, such damages being too remote and speculative.

FRED HOWES for appellant.

WHEELER & WHEELER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant, Van Deren Hardware Company, instituted this action in the Johnson circuit court to recover from appellee, John H. Preston & Son, $400 owing to it as evidenced by two promissory notes. Appellees admitted executing the notes, but by way of counterclaim and set-off pleaded that they were executed for the purchase price of boots and shoes sold by appellant to them, and that on account of a breach of warranty of the goods sold they had been damaged in the sum of $500. The jury returned a verdict for appellant for $163, which was in effect a finding for appellees on their counterclaim of $237. Appellant has brought the record here and moved for an appeal.

Appellant insists that the counterclaim is an action for deceit, because of the alleged fraudulent representations as to the quality of the boots and shoes which induced appellees to buy them; and that its allegations are not sufficient. While the counterclaim contains the alle-

gation that the statement as to the quality of the boots and shoes was falsely and fraudulently made, considered as a whole it can be understood only to be an action for breach of warranty rather than deceit. It is defective as a cause of action for a breach of warranty in that there is no allegation that appellees in purchasing the boots and shoes relied upon the warranty. As said in Stanley v. Day, 185 Ky. 362, 215 S. W. 175:

"It will be observed, however, from the statements, as to the law heretofore made, that one of the necessary elements going to make up an express warranty, as to the condition of the property sold, is that the vendee relied upon the truth of the representation, and was induced thereby, to make the purchase."

That opinion contains an exhaustive discussion of the question, and, when measured by the principles there declared, the counterclaim herein must be held to be defective for failure to allege that appellees relied upon the statements which constituted the warranty and were induced by them to purchase the boots and shoes.

For the same reason and on authority of the Stanley-Day opinion, supra, the trial court erred in not sustaining appellant's motion for a directed verdict at the close of the testimony, because the record is devoid of evidence that appellees relied upon the statements constituting the warranty and were induced by them to purchase the boots and shoes.

A careful analysis of the allegations of the counterclaim discloses that appellees' right to recover thereunder is not predicated upon the damages ordinarily flowing from a breach of warranty; that is, the difference between the value of the article delivered and what would have been its value if it had been as warranted. After alleging the statements as to the boots and shoes sold, which constituted the warranty, appellees predicated their right to recover upon these additional allegations:

"Defendants state that they were engaged in the mercantile business in Paintsville, Ky.; that plaintiff knew defendants purchased said boots and shoes for the purpose of selling the same to their trade, and plaintiff represented to defendants that said boots and shoes were fit and suitable for de-

fendants' trade, and that plaintiff knew of said defective condition of same and knew that they were unsuitable for defendant's trade; that the boots and shoes sold defendants by plaintiff were worthless and of no value; that defendants, relying upon the representations and warranty of plaintiff, sold the same to their trade and their business was damaged thereby.

"Defendants state that by reason of the foregoing they have been damaged in the full and just sum of $500."

Appellees by their counterclaim sought to recover for an alleged breach of warranty, not the difference in value of the goods as warranted and as delivered, but damage to their trade or business flowing from their sale of the goods to their customers. The measure of damages indicated above is the true criterion upon an action for breach of warranty. The damages sought to be recovered here are too remote and too speculative to be considered incident to a breach of warranty. The demurrer to the counterclaim should have been sustained by the trial court for this reason. In addition to this, it may be said that the record affords no evidence of damage to appellees' business by reason of selling the boots and shoes in question to their trade. It is not shown that any customer for this reason ceased to trade with them or that their business was damaged in any other way.

For the reason that the allegations of the counterclaim and set-off are not sufficient to constitute a cause of action in favor of appellees and against appellant, the trial court erred in not sustaining the demurrer thereto, and for lack of proof to support a cause of action on a breach of warranty, as indicated, the trial court erred in not sustaining appellant's motion for a directed verdict in its favor for the full amount of the two notes sued on herein.

For these reasons the appeal is granted, the judgment is reversed, and the cause remanded for other proceedings consistent herewith.