## Gordon v. Wanless.

(Decided November 12, 1929.)

HUBBARD & HUBBARD for appellant.

LAWRENCE S. GRAUMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

George L. Wanless brought this action against Charles L. Gordon, alleging in his petition, in substance, that he and the defendant had made a written contract on February 21, 1927, by which they had agreed to exchange property owned by them, on certain terms, and that the defendant had willfully refused to carry out the contract for which he prayed judgment in damages. Gordon answered, denying that he had made the contract set out in the plaintiff's petition, and alleging that he had made a contract to exchange property which was materially different from that alleged.

On the trial of the case the contract signed by Gordon was for the first time produced, and the court then allowed him to file an amended answer pleading, in substance, that the paper was obtained from him by fraud

and mistake. The jury to whom the case was submitted found for the plaintiff. The defendant appeals.

The proof for defendant on the trial was, in substance, this: Ed Strube and C. T. Simons were real estate agents in Louisville. They learned that he wished to trade his city property for country property, and that Wanless wished to trade his country property for some city property. They came to see him, and one of them took him out to look at Wanless' property. There was quite an amount of farm equipment and stock on the place which was showed to him as going with the place, and he agreed to make the trade. On the next Monday they came out to his place of business with three copies of the contract, telling him that they had made one copy for him, one for Wanless, and one for themselves. He took one copy and looked at it. They read over the other copy to him, and it read the same way. He then signed all three copies, thinking they were the same. The copy which he read and retained included these words after a description of the property: "Live stock and farming equipment included in Walnut Hills." The copy which he signed and they took to Wanless and Wanless signed had these words in lieu of the above: "This offer includes whatever farm equipment owned by the owner of Walnut Hills." After the contract was made he went down to Walnut Hills and found that Wanless claimed to own only a small part of the personal property which had been shown him on the Saturday before and which was included in the contract which he signed and retained. He then refused to carry out the contract, and this litigation followed.

On a trial of the case the court ruled out all the defendant's evidence as to what personal property was shown him on Saturday or its value. This was erroneous, for without this evidence it would not appear that there was any material difference between the two contracts, and the fact that there was an imporant difference between the two contracts went to the gist of the case. The jury might think that an unimportant difference would not be a reason for refusing to carry out the contract. In a case like this all that had taken place between the parties, and all the facts under which the defendant had refused to carry out the contract should be considered by the jury, for without it the jury might conclude that his refusal to carry out the contract was

really based on some other ground, or that he simply wanted to get out.

The amended answer did not withdraw the second paragraph of the original answer, and the allegations of the amended answer are to be read in connection with all the facts stated in the original answer, for it was unnecessary for the defendant in the amended answer to plead facts he had already alleged.

The court on all the evidence instructed the jury, as to the measure of damages, that if they found for the plaintiff they should award him the costs of having the title to defendant's property examined; also the costs of drawing the deed which he had tendered for the Walnut Hills property; also the sum of $700, the commission he had paid the real estate agent for subsequently selling the Walnut Hills property. This instruction was erroneous.

The fact that plaintiff had subsequently sold the Walnut Hills property and had paid the real estate agent a commission for making the sale is entirely immaterial in this case, for all of this was done long after defendant had refused to carry out his contract and was a transaction in which he had no part. The rule is well settled that, where a vendor refuses to convey property which he has agreed to sell, the vendee is entitled to recover the difference, if any, between the price fixed by the contract and the fair market price of the property at the time the contract was broken, and in addition his reasonable costs and expenses necessarily expended in an effort to complete the sale. Allison v. Cocke's Ex'rs, 112 Ky. 212, 65 S. W. 342, 66 S. W. 392, 23 Ky. Law Rep. 1589; Harmon v. Thompson, 119 Ky. 528, 84 S. W. 569, 27 Ky. Law Rep. 181; McMahan v. McMahon, 122 S. C. 336, 115 S. E. 293, 26 A. L. R. 1295; notes 52 A. L. R. 1511.

In 27 R. C. L. page 631, after the statement of the above rule, this is added: "the same rule in effect has been announced as regards contracts for the exchange of land, that is the plaintiff is permitted to recover (besides his necessary expenses) the difference between the value of the land which he was to convey and that which he was to receive, where neither party has conveyed."

In this case the measure of recovery on this score is the difference between the fair market value of the property owned by Gordon and the amount which Wanless was to pay for the property in the exchange, and the

502

latter would be measured in part by the fair market value of the Walnut Hills property less any lien upon it. There was a lien upon the city property which Wanless assumed, and also a lien upon the Walnut Hills property which Gordon assumed. In both cases this lien was a part of the consideration. What the plaintiff would have had, had the trade been carried out, would have been the city property with the lien on it, plus $1,651.03, which Gordon was to pay. What he had when the trade was not carried out was the country property with the lien upon it. The fair market value of each property less the lien plus the amount Gordon was to pay in the trade is the standard by which his loss must be measured. Although in the written contract the value of the Walnut Hills property was put at $16,500 and the city property to $11,750, this valuation, though proper to be considered by the jury, is not conclusive as to the fair market value, for men in making a trade often value their property at more than it could be sold for at a fair market price. The court should have allowed the defendant to prove this.

Judgment reversed, and cause remanded for a new trial.