## Vandiver et al. v. B. B. Wilson & Company.

(Decided June 21, 1932.)

R. W. KEENON and WM. SANDIFER, JR., for appellants.

MORRIS & JONES, for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The decisive question to be determined on this appeal is the sufficiency of the appellants' answer and counterclaim and the amendments thereto.

In 1926, B. B. Wilson &'Co., a partnership composed of Horace H. Wilson, Tilford Wilson, and E. Reed Wilson, engaged in business at Lexington, Ky., sold and delivered to J. Harvey Vandiver, an Ingersoll air compressor at the price of $1,700, of which $1,000 was evidenced

by his note, and $700 was paid by the delivery of one Sullivan air compressor. The contract of purchase was evidenced by writing, signed and delivered by Vandiver, and accepted by B. B. Wilson & Co., wherein it recited that the company agreed

"to deliver to him f. o. b. Berea, Ky., one 9R 8x8 portable air compressor . . . guaranteed to be in perfect condition; to be put on the job and put to work by B. B. Wilson & Company."

The above was written into the printed form of contract, but the printed portion contained this provision:

"It is further agreed that this contract contains all the agreements and understandings expressed or implied between us, and that B. B. Wilson & Co., shall not be responsible for any delays in transportation or should you be held responsible for any delays or damages caused by defective material or workmanship in machinery of equipment or will any allowance be made for repairs or alterations unless same is authorized in writing."

Vandiver failed to pay as he agreed; he claimed that the machinery was not in perfect condition when delivered. B. B. Wilson & Co., filed this action in the Franklin circuit court to recover of him the balance on the air compressor, and also on an account for goods, wares, and merchandise, furnished and delivered to him during the year 1926. With the original answer he filed a copy of the written contract for the air compressor. His allegations therein relative to the compressor are in these words:

"That said air compressor was not as warranted or in good condition, in that the governors were off of said compressor, it was without a tank, the radiator leaked, the blocks under the compressor were bursted, and it failed to furnish 210 cubic feet of air per minute, and said air compressor was of no value to the defendant, that by reason of this the defendant has been damaged in the sum of $1,700.-00."

The allegation was made that

"he purchased the air compressor for the purpose of using it in road construction and that the compres-

sor was to furnish sufficient air to run two drills . . . and by reason of the failure of the air compressor to furnish sufficient air, and because of the condition of the air compressor at the time it was received, he was unable to blast sufficient rock to keep the steam shovel and employees busy, and thereby said compressor was worthless and of no value to this defendant.''

He alleged that the ''plaintiff represented to the defendant'' that the air compressor was to be in first class condition, capable of furnishing 210 cubic feet of air per minute, sufficient to operate two air drills, and that he relied on the statements made by them, and was induced thereby to purchase the drill; that ''the plaintiffs knew at the time that he was engaged in road construction under a contract with the State Highway Commission.'' The court sustained a demurrer to the answer. Vandiver amended his answer and counterclaim in which he alleged that he was operating the Sullivan air compressor which was not sufficient to operate two drills and keep his steam shovel engaged, and that B. B. Wilson & Co., knew the purpose of his purchase of the Ingersoll air compressor and guaranteed it to be in perfect condition; that, if it were in perfect condition, it would be sufficient to produce 210 cubic feet of free air per minute and to furnish air to run two drills. He again alleged that appllees had knowledge of the kind and character of work he was engaged in and the amount of necessary air required to operate two drills, and that appellees represented that the Ingersoll air compressor ''would produce the necessary cubic feet of free air to operate two drills''; that when it was delivered ''the same was not in perfect condition''; that ''the governors were off''; that ''it was without a tank,'' ''the radiator leaked,'' and ''the blocks under the compressor were bursted,'' and ''it failed to furnish the necessary cubic feet of free air per minute or sufficient air to operate two drills''; and that

''by reason thereof, the same was practically worthless to this defendant in that it would not furnish sufficient air to operate two drills or one drill and keep the shovel busy and the hands employed by this defendant.''

He further averred that the appellees sent their employees to the place where the Ingersoll compressor

was being used for the purpose of trying to repair it, but they failed to put it in perfect condition so that it would operate the two drills or furnish sufficient air for such purpose; that it was agreed that the Sullivan air compressor was not to be delivered by him until the Ingersoll compressor was delivered in perfect condition, sufficient to produce free air for his road work; that he relied on the representations of the appellees relating to the compressor, and for this reason did not procure another one; that he had a large number of hands employed; that the steam shovel was worth to him $20 per day; that his hands lost 100 days; and that he was damaged by reason of the facts herein stated $8,000 subject to be credited by the amount of appellees' claim.

The court sustained a demurrer to the answer as amended. Vandiver filed a second amended answer and counterclaim wherein he reiterated substantially the allegations of his original and amended answer and counterclaim, and further averred that

"he entered into a parol contract with the plaintiff wherein said plaintiff agreed to repair said air compressor so that it would furnish sufficient free air to operate the drills as herein set out but that after said verbal contract was entered into the plaintiff failed and refused to make said air compressor furnish the air or comply with the oral agreement . . .";
"that he relied upon the representations and promises of the plaintiff to make said compressor in perfect condition and that the plaintiff knew that he had a contract with the State of Kentucky under which he agreed to complete the contract within a specified time and that it was necessary to operate the drills and steam shovel daily in order to be able to comply with said contract with the state."

These allegations were followed by a statement of the number of days and the price per day lost by him by reason of the appellees' failure to comply with both the written and the oral contract set forth in this amendment. The court sustained a demurrer to the answer and counterclaim as amended. Judgment was rendered in accordance with the prayer of the petition, from which Vandiver and his trustee in bankruptcy appeal.

To determine the sufficiency of the answer and counterclaim and the amendments thereto, they must be read

in connection with all the facts stated therein to determine the sufficiency thereof, when tested by a demurrer. Gordon v. Wanless, 231 Ky. 498, 21 S. W. (2d) 815. While the allegations therein must be taken as true (Grinstead v. Monroe County, 156 Ky. 296, 160 S. W. 1041) inferences in favor of the pleader are not to be indulged (Pottingen v. McLure, 6 Ky. Law Rep. 597). Their allegations must be construed most strongly against the pleader. Parsons v. Arnold, 235 Ky. 600, 31 S. W. (2d) 928; Com. v. Ky. Jockey Club, 238 Ky. 739, 38 S. W. (2d) 987. An exhibit which is made the basis of a cause of action or defense and which contradicts the averments of the pleading must control (Howard v. Howard, 236 Ky. 557, 33 S. W. (2d) 635), and such pleading is bad on a demurrer (Durham v. Elliott, 180 Ky. 724, 203 S. W. 539).

In case of doubt as to the import of the language of the pleading, the rule is that it must be most strongly construed against the pleader. Fuller v. I. C. R. R. Co., 138 Ky. 42, 127 S. W. 501.

No charge is made in either the original or amended answers and counterclaim that any portion of the original agreement between the parties, which was made at the time of the execution and delivery of the written contract, and set out as the basis of appellants' counterclaim, was omitted either by the fraud of the appellees or by mutual mistake of the parties. In the absence of such allegation the terms of the written contract must control on demurrer. Berlin Machine Works v. Jefferson Wood Working Co., 173 Ky. 347, 191 S. W. 82.

A mere reading of the written contract shows that the only warranty expressed in it is that the machinery was "to be in perfect condition." There is no statement in it as to the number of cubic feet of free air the compressor would furnish or the number of drills that might be operated by it by the free air it would furnish. The allegation that the compressor would not produce 210 feet of free air per minute is not within the terms of the written contract. As was stated by this court in Pace Construction Co. v. Brandeis Machinery & Supply Co., 239 Ky. 693, 40 S. W. (2d) 268, 269:

> "The case is simply one where, in the face of a contract containing a specific warranty and excluding all others, defendant is relying on an oral warranty made prior to, or contemporaneously with, the

execution of the contract. As this cannot be done, it is at once apparent that the answer and counterclaim as amended was not sufficient. John S. Noel Co. v. Theobald, 217 Ky. 28, 288 S. W. 1031.''

It is not alleged in the answer or the amendments that the compressor would not produce air sufficient to operate a drill or to crush stone. The real, actual basis of the claim for damages is that ''it failed to furnish 210 cubic feet of free air per minute.'' Therefore section 2651b-15 Ky. Stats. has no application. The allegations that the ''governors were off of the compressor,'' ''it was without a tank,'' ''the radiator leaked,'' and the ''blocks under the compressor were bursted,'' are coupled with the further allegation that the ''compressor failed to furnish the 210 cubic feet of free air per minute'' and ''. . . that by reason of same this defendant has been damaged in the sum of $1,700.00.'' It should be noted that it is not alleged that the condition of the governors, the absence of the tank, the leaking of the radiator, or the burst blocks under the compressor, of themselves, caused the damage alleged to have been sustained. The measure of damage in an action to recover for such defects is the difference between the reasonable market value of the machinery, if it were equipped as provided in the contract, and the reasonable market value in the condition in which it was at the time of its delivery. Van Deren Hardware Co. v. Preston & Son, 224 Ky. 170, 5 S. W. (2d) 1052, 64 A. L. R. 881. Applying the familiar rule that the pleading must be construed most strongly against the pleader, the presumption arises that the defects listed above were not the proximate cause of the damage sought to be recovered, but that the failure of the compressor to furnish the 210 cubic feet of free air per minute was the direct and proximate cause of the damage. Having so assigned in his pleading the failure of the compressor to furnish the 210 cubic feet of free air per minute as the proximate cause of his damage, and this basis of the damage not being covered by the warranty in the written contract, renders his pleading demurrable. Neither the original answer nor the amendment setting out the representations as the basis of his claim avers that such representations were intended by the parties to be a part of the writing or omitted from it by fraud or mutual mistake, the absence of such allegation renders the same bad on demurrer, in so far as the counterclaim

is based thereon. Sansco Co. v. Jewell, 216 Ky. 527, 287 S. W. 967.

It is a recognized rule that a warranty expressed in a written contract of sale excludes by implication all inconsistent implied warranties on the same subject. The air compressor was sold under an express warranty that it was in perfect condition, and none other, with the proviso that the contract contained all agreements, expressed or implied. Even though the allegations in the answer and counterclaim and the amendments be considered adequate to state facts sufficient to constitute a counterclaim based on an implied warranty, the writing expressly excludes such implied warranty. A warranty will not be implied where the contract expressly stipulates against its existence or declares no other warranty is made, or may not be relied upon. Gaar, Scott & Co. v. Hodges, 90 S. W. 580, 28 Ky. Law Rep. 889; Guhy v. Nichols & Shepherd Co., 109 S. W. 1190, 33 Ky. Law Rep. 237; Forsythe v. Russell Co., 148 Ky. 490, 146 S. W. 1103; Glover Machine Works v. Cooke-Jelico Coal Co., 173 Ky. 675, 191 S. W. 516; J. I. Case Threshing Machine Co. v. Dulworth, 216 Ky. 637, 287 S. W. 994.

The written contract did not require or provide for the repairing of the machinery by the appellees and the oral contract relied on as a basis of damage for failure to repair, as it is presented, was independent of, and entered into by, the parties subsequent to the written contract. No consideration for it is alleged. Without a consideration it is invalid and unenforceable. Cassinelli v. Stacy, 238 Ky. 827, 38 S. W. (2d) 980, and cases cited; Bowman v. Vandiver, 243 Ky. 139, 47 S. W. (2d) 947.

Judgment affirmed.